Melvin **RICHARDSON**, Plaintiff,

v.

Harrison **TYLER** and Hurley Porter, Defendants.

No. 68 C 1302.

United States District Court, N. D. Illinois, E. D. March 12, 1970.

Philip R. Davis, Chicago, Ill., for plaintiff.

Harry G. Fins, Chicago, Ill., for defendant, Harrison Tyler.

Harold L. Lipton, Chicago, Ill., for defendant, Hurley Porter.

## DECISION ON THE MERITS

ROBSON, District Judge.

The plaintiff in this cause seeks recovery of funds allegedly misappropriated by the defendants from Local 19 of the International Longshoremen's Association. After a trial on the merits, this court is of the opinion that judgment should be rendered for the defendants.

The jurisdiction of this court is invoked under the Labor-Management Reporting and Disclosure Act ("the Act"). 29 U.S.C. § 501(a). This legislation confers fiduciary status upon union officers who deal with the property and funds of a union. As a fiduciary under the Act, a union officer must account to his union *"for any profit received by him* in whatever capacity in connection with transactions conducted by him or under his direction on behalf of the" union. (Emphasis supplied.) The statute further provides that any

breach of fiduciary duty shall not be relieved by a subsequent exculpatory resolution passed either by the union itself or by its governing board. Should a union or its governing board fail or refuse to sue, recover damages, or secure an accounting within a reasonable time, any member of the union may sue in a federal court in a derivative capacity for the benefit of the union. 29 U.S.C. § 501(b). The clear intent of Congress in enacting this legislation was to weed out instances of corruption and breach of trust; to preserve the rights of individual members and to insure high standards of responsibility on the part of, at that time, powerful and sometimes detached and autocratic union officers. Purcell v. Keane, 277 F.Supp. 252, 256 (E.D.Pa.1967).

The following facts have been stipulated by and between the parties. During the relevant period, the plaintiff was a member in good standing of the union; the defendant Harrison Tyler was president of the union; and the defendant Hurley Porter was financial secretary of the union. On or about March 4, 1968, the plaintiff sent a letter to the recording secretary of Local 19 attesting to certain alleged violations of fiduciary duties by the defendants herein. Joint Exhibit B. Pertinent to this case is the following accusation:

"* * * As you * * * know, our financial secretary claims that $3,200.00 was reported stolen as a result of a burglary in our headquarters on or about October 14, 1967, and on November 16, 1967, he reported that the sum of $3,900.00 was stolen. That he has done nothing about retrieving this money from the bonding company and that no one has accounted for the discrepancy of $700.00; that no money has been reimbursed by anybody * * *."

The plaintiff's letter stated that the defendant Hurley's conduct in the above-described matter, as well as certain instances where personal expenses of both defendants were paid with union funds, violated the Act. The plaintiff asked

that the alleged violations be remedied, and that the officers account to the union for the funds in question.

On March 7, 1968, the defendant Tyler responded by letter to the plaintiff's charges. Joint Exhibit C. The letter stated that the union would be reimbursed for the defendants' personal expenses. Concerning the burglary and the discrepancy in the amount allegedly stolen, Tyler stated that

" * * * [t]he information we have, based upon an audit made by the Union's Certified Public Accountant, is that the amount of cash taken in the burglary was $3,922.11. The bonding company was notified by the Financial Secretary. I am investigating to determine what action the bonding company will take, and I will advise you promptly."

The evidence does not indicate whether the plaintiff was ever so advised, promptly or otherwise.

The plaintiff sent another letter to the recording secretary on April 8, 1968, in which he realleged the charges contained in his letter of March 4, 1968. Joint Exhibit D. He further charged that the defendant Tyler had "acted outside of his authority" by allowing contract extras and by making purchases for the union's new building which were $67,000 in excess of the lowest bid accepted and authorized by the union membership. The letter also asserted that the contractor involved repaired the defendant Tyler's home "free of charge." The plaintiff alleged that this conduct violated the Act, and requested an accounting.

The defendant Tyler responded by letter on April 15, 1968, that the records relating to expenditures for the new union building and furniture were available for the plaintiff's inspection. Joint Exhibit E. The defendant Tyler also denied the plaintiff's statement that the contractor in question repaired his home free of charge. The letter further stated that the plaintiff was free to submit any evidence he desired to any meeting of the union membership or to the Executive Board. The plaintiff admits that he did not take any further action within the framework of the union. It does not appear that the union membership or the governing board were ever presented with any evidence concerning the fiduciary breaches asserted against the defendants here.

■ The defendants claim that the plaintiff does not have standing to sue in this court because he has not exhausted the remedies afforded to him by the union. This court does not agree. Article XVIII of the Constitution of the International Longshoremen's Association provides in part as follows:

"Section 3. Proceedings under this Article [1] may be *initiated* by any member of the I.L.A. *by filing written charges, specifying the acts or conduct with which the accused is charged, with the Recording Secretary* of the appropriate Local Union or District Council or District organization, or with the International Secretary-Treasurer, as the case may be. *The Secretary with whom such charges are filed shall promptly transmit* a copy thereof to the accused at his last known address, together with *written notice of the time and place of the hearing thereon, which shall be held not less than five days after the date of the notice.*" (Emphasis supplied.)

The evidence shows that the plaintiff did all he was required to do under the Constitution. The plaintiff's letters containing written charges and specified allegations of misconduct against the defendants were addressed to the recording secretary of Local 19. Exhibit B; Exhibit D. No evidence was offered to show that the union's governing board, officers or recording secretary made any good faith effort to follow the directives of the Constitution once the charges in issue were filed. This failure or refusal of the officers and governing board of the union to take any action within a

---

1. Article XVIII, entitled "Discipline," was received into evidence as Joint Exhibit F.

reasonable time conferred upon the plaintiff a statutory right to initiate this litigation. 29 U.S.C. § 501(b). The instant complaint was filed more than five months after the plaintiff filed his initial charges with the recording secretary. Certainly a reasonable time had elapsed in which the union failed to take any affirmative action, and the plaintiff therefore has standing to sue in this court. See Purcell v. Keane, 277 F.Supp. 252, 255 (E.D.Pa. 1967); Horner v. Ferron, 362 F.2d 224 (9th Cir.1966); Ryan v. International Brotherhood of Electrical Workers, 241 F.Supp. 489, 493 (N.D.Ill.1965).

 This court finds, however, that the plaintiff has utterly failed to prove an essential element of his case, i. e., that the defendants breached their fiduciary duties. No evidence was offered by the plaintiff in support of his charge that the defendant Tyler received free services from the contractor who constructed the building for the union. No evidence was offered to show that the defendant Tyler received any *personal* benefit from the expenditures for the new building and its furnishings which exceeded the low bid approved by the membership. Rather, the parties stipulated that the union has "the right, title, and interest in and possession and control of all of the items" complained of by the plaintiff. Stipulation, paragraph 17. Nor was there any evidence offered to show that the defendant Hurley was in any way responsible for the loss attributed by the union officers to a burglary. In sum, no evidence was offered by the plaintiff to show that the union was defrauded of any funds by the conduct of either of the defendants. Irregularities in the contracting procedures employed by either of the defendants or in the reporting of an alleged burglary are not *per se* redressable under Section 501(a) of the Act absent a showing of "self-dealing." *Cf.*, Tucker v. Shaw, 378 F.2d 304, 306 (2nd Cir.1967); Highway Truck Drivers and Helpers, etc. v. Cohen, 284 F.2d 162, 163 (3rd Cir.1960). Section 501 of the Act is not a catch-all provision under which union officials can be sued on any ground of misconduct with which a union member chooses to charge them. Gurton v. Arons, 339 F.2d 371, 375 (2nd Cir.1964); Coleman v. Brotherhood of Railway & Steamship Clerks, 340 F.2d 206, 209, 15 A.L.R.3d 933 (2nd Cir.1965). This court cannot predicate a violation of statutorily imposed fiduciary duties upon the sparse and speculative evidence presented by the plaintiff in this case.

It is therefore ordered that judgment be, and it is hereby rendered for the defendants, without costs, and the cause is hereby dismissed.