**HOTEL & RESTAURANT EMPLOYEES LOCAL 400, Plaintiff-Appellant,**

v.

**Ruby SVACEK, Defendant-Appellee.**

**No. 25380.**

United States Court of Appeals, Ninth Circuit.

Sept. 18, 1970.

Lawrence Schwerin (argued), and Hugh Hafer, of Bassett, Donaldson & Hafer, Seattle, Wash., for appellant.

James A. Fish, Spokane, Wash., Eugene R. Nielson, Seattle, Wash., Douglas D. Lambarth, of Spokane Legal Service, Spokane, Wash., for appellee.

Before HAMLEY and WRIGHT, Circuit Judges, and GOODWIN,* District Judge.

PER CURIAM:

The appellant local union brought suit in District Court against one of its members for a money judgment of $300, alleging violation of the union constitution and by-laws. Jurisdiction was based on § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.[1] The District Court dismissed for lack of jurisdiction. We affirm.

Upon oral argument, it was indicated that the basis of the claim was a fine sought to be imposed upon Svacek for crossing a union picket line during a strike. In effect, the court was asked to enter an intra-union dispute.

The union urges that § 301 has been broadly interpreted, citing Retail Clerks, etc. v. Lion Dry Goods, Inc., 369 U.S. 17, 82 S.Ct. 541, 7 L.Ed.2d 503 (1962). It was there held that § 301 applied to a suit alleging violation of a strike settlement agreement reached under the auspices of a mediator.

In Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964) an award by a joint employer-employee grievance settlement committee was held to be a "contract" for purposes of jurisdiction under § 301.

But we cannot agree with the appellants' contention that the union constitution is a "contract" authorizing the District Court to entertain a dispute between a local union and a member. Parks v. International Broth. of Elec. Workers, 314 F.2d 886 (4th Cir. 1963) and Painters, etc. v. Brotherhood of Painters, etc., Local Union 127, 264 F.Supp. 301 (N.D. Cal.1966), do not support appellants' contention. Those suits involve actions between local and international unions and were "contracts" within the section and were suits "between any such labor organizations."

We have been cited to no authority that would permit the union constitution to be used as a contract for jurisdiction under § 301 in an intra-union problem unrelated to a collective bargaining agreement. Nor do we believe that it was the intent of Congress for the courts to use the Labor Management Relations Act to police intra-union problems.

Affirmed.

---

* Hon. Alfred T. Goodwin, United States District Judge, District of Oregon, sitting by designation.

1. "Section 301. (a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."