Louis ANTAL et al., Plaintiffs,

v.

Michael BUDZANOSKI et al., Defendants.

Civ. A. No. 70–1011.

United States District Court,
W. D. Pennsylvania.

Nov. 23, 1970.

Kenneth J. Yablonski, Washington, Pa., for plaintiffs.

Lloyd F. Engle, Jr., Pittsburgh, Pa., for defendants.

## OPINION

WEBER, District Judge.

Plaintiffs are a large number of individuals who are members of the United Mine Workers of America, an International Union, and belong to local unions within the jurisdiction of District 5 UMWA, a subordinate branch of said Union. They bring this action individually on their own behalf and on behalf of the other members of the Union. The individual defendants are the officers of District 5 UMWA sued in their official capacities and individually. Also named as defendants are District 5 of the United Mine Workers of America, a labor organization, having its principal place of business in Pittsburgh, Pennsylvania, and the United Mine Workers of America, International Union, the parent organization of District 5, which has its principal place of business in Washington, D. C., and which is a labor organization within the meaning of the statute in question [29 U.S.C.A. § 401 et seq.]. Also named are a large number of local unions of the UMWA, all of which are within the jurisdiction of District 5, UMWA.

The primary aim of plaintiffs' suit is to compel the District 5 officers to comply with alleged requirements of the Constitution of the UMWA, International Union, and the District 5 UMWA Union.

Plaintiffs allege that the individual defendant officers have obtained control of the legislative and elective machinery of the District 5 organization by continuing to maintain local unions which do not contain the requisite number of ten working members required by the Constitution of the International Union and the Constitution of the District 5 Union which contains the same requirement. Plaintiffs further allege that by maintaining these "ghost" local unions the defendant officers secured or controlled the appointment of delegates to the 1970 District 5 Convention called for April 1970 at which time certain resolutions and amendments to the District 5 Constitution were adopted, which

would not have been adopted without the votes of delegates from these locals. Particularly under attack are (1) increases in the Workmen's Compensation assessment levied solely on the working members of the Union; (2) gerrymandering the sub-districts of District 5; and (3) permitting the casting of absentee ballots and other significant constitutional changes.

Prior to the 1970 Convention of District 5 the plaintiffs sought an injunction restraining the seating of such delegates from the "ghost" locals, but the Court declined to enter a preliminary injunction prior to the Convention and later dismissed the Complaint without prejudice. Pellegrini et al. v. UMWA et al., Civil Action No. 70–413, Western District of Pennsylvania.

Plaintiffs claim jurisdiction of this Court under 29 U.S.C.A. §§ 411, 412; 501 (a); 185, and 28 U.S.C.A. § 1331.

The defendants have moved to dismiss the Complaint on the grounds that this Court has no jurisdiction on any of the grounds asserted. The difficulty of the Court with a pleading such as this is that when so many separate allegations of causes of action are alleged by so many party-plaintiffs against so many and such different types of defendants it becomes extremely difficult for the Court to find the specific jurisdictional grounds which connects any individual plaintiff with any separate defendant under the terms of the statutes which strictly limit the jurisdiction of the United States District Court to rather narrow and rather specifically confined causes of action, some of which contain specific procedural prerequisites.

The statutory limitations and restrictions were expressly imposed by Congress to avoid as much as possible judicial interference into the internal management of labor organizations and to compel, as far as possible, the parties involved to seek their remedies through the internal machinery of the labor organizations. See Horner v. Ferron, 362 F.2d 224, 228 [9th Cir., 1966], and Highway Truck Drivers and Helpers Local 107 v. Cohen, 182 F.Supp. 608, 622 [E.D.Pa., 1960] affd. 284 F.2d 162 [3rd Cir., 1960]. What the plaintiffs seek is declaratory relief with respect to the interpretation of the Constitutions of the labor organizations involved, injunctive relief against the continuance of certain practices alleged to be inconsistent therewith, and monetary damages payable to the defendant Unions as well as the individual plaintiffs, punitive damages, costs and fees. The plaintiffs allege that this action is brought as a class action on behalf of all individuals who are members of the defendant organizations and further that although these organizations are named nominal parties-defendant the action is brought by the plaintiffs on their behalf and for their benefit.

In addition to the general relief which plaintiffs seek after a plenary proceeding they have also moved for a preliminary injunction directed solely against the casting of absentee ballots in the election scheduled for December 8, 1970, as was authorized by the constitutional amendment adopted in the April 1970 Convention under attack. We will consider the jurisdictional grounds alleged which are attacked by defendants' motion to dismiss, together with the motion for a preliminary injunction and the objections thereto.

### I.

Plaintiffs' cause of action under Sec. 501 of the LMRD Act of 1959 [29 U.S. C.A. § 501] must be dismissed for the following reasons:

1. Sec. 501(b) permits a suit by a member against " * * * any officer, agent, shop steward, or representative of any labor organization." Therefore, plaintiffs may not maintain this action against the many local unions, District 5 UMWA, and UMWA International Union who are named parties-defendant. Woody v. Sterling Alum. Prod., 244 F. Supp. 84 [D.C.Mo.1965]; affd. 365 F.2d 448 [8th Cir., 1966].

2. Sec. 501(b) provides that no such proceeding shall be brought "except upon leave of the court obtained upon verified application and for good cause shown * * *".

This record shows no such application made or leave granted. Such leave is a condition precedent to the bringing of such suit. Addison v. Grand Lodge, 318 F.2d 504 [9th Cir., 1963]; Coleman v. Brotherhood of Railway, etc., 340 F.2d 206 [2nd Cir., 1965]; Highway Truck Drivers and Helpers Local 107 v. Cohen, 182 F.Supp. 608 [E.D.Pa., 1960]; Purcell v. Keane, 406 F.2d 1195 [3rd Cir., 1969]; Horner v. Ferron, 362 F.2d 224 [9th Cir., 1966].

A factor in the showing of good cause requirement can be the extent to which plaintiffs have utilized or exhausted their internal union remedies. Coleman v. Brotherhood, supra; and Purcell v. Keane, supra.

3. Sec. 501(a) imposes the duties upon union officers "to hold its money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and by-laws and any resolutions of the governing bodies adopted thereunder, * * *".

The Complaint contains no allegations of failure to hold money or property for the benefit of the organization nor of any expenditure not authorized by the Constitution or bylaws or resolutions.

Numerous cases have held that Sec. 501(b) remedies are available only on a cause of action dealing with the fiduciary responsibility with respect to the money or property of the union. Gurton v. Arons, 339 F.2d 371 [2d Cir., 1964]; Coleman v. Brotherhood of Railway, etc., 340 F.2d 206 [2nd Cir., 1965]; Holton v. McFarland, 215 F.Supp. 372 [D.C. Alaska, 1963]; Richardson v. Tyler, 309 F.Supp. 1020 [N.D.Ill., 1970]; Aho v. Bintz, 290 F.Supp. 577 [D.C.Minn. 1968].

Plaintiffs have cited the broad application of the term fiduciary duties as such duties are set forth in 29 U.S.C.A. § 501, particularly in the case of Johnson v. Nelson, 325 F.2d 646 [8th Cir., 1963]. The language of *Johnson* is broad, but the case actually involved the refusal of certain union officers to pay monies as directed by a resolution of the local.

We can find no support for plaintiffs in either Gartner v. Soloner, 384 F.2d 348 [3rd Cir., 1967], or Purcell v. Keane, 406 F.2d 1195 [3rd Cir., 1969]. Both cases concerned the expenditure of union funds. Both concerned the power of the court to award legal fees as part of their power of relief, the question at issue in Johnson v. Nelson, supra. Neither applied Sec. 501(b) relief to anything but a problem involving expenditures of union funds. *Gartner,* supra, was a proceeding under 29 U.S.C.A. § 412 and *Purcell,* supra, was solely concerned with the "exhaustion of remedies" question in Sec. 501 cases.

Also Highway Truck Drivers and Helpers Local 107 v. Cohen, 182 F.Supp. 608 [E.D.Pa., 1960], affd. per curiam 284 F.2d 162 [3rd Cir., 1960], although using broad language, enjoined union officers from paying legal fees from the union treasury for the defense of those officers in criminal proceedings against them arising out of the alleged misuse of union funds. Nor is Falcone v. Dantinne, 420 F.2d 1157 [3rd Cir., 1969] at all pertinent to our issue.

In summary, we have found no Sec. 501(b) action arising out of any other circumstance than the use of union funds. None of the other citations of plaintiffs are pertinent to this question of the scope of Sec. 501. In fact few deal with Sec. 501 causes of action.

4. Another procedural requirement to jurisdiction is lacking here. Sec. 501 requires a prior seeking of internal remedies.

It is particularly noted that the letter of request addressed to Defendant Budzanoski as President of District 5, UMWA, by counsel for plaintiffs [Exhibit B to the Complaint] does not address itself to fiduciary violation under Sec. 501, but rather to the alleged

violation of the International and District 5 Constitution in allowing the alleged illegal unions to continue in existence.

A similar letter to W. A. Boyle, President of Defendant United Mine Workers of America, International Union makes an identical complaint. Boyle is not a party-defendant here.

■ The pertinent requirement of prior administrative or internal relief before commencing the action is that *any member* of a labor organization may request a labor organization, or its governing board of officers to sue or recover damages, or secure an accounting or other appropriate relief, and upon their refusal or failure to do so within a reasonable time after being requested to do so, *such member* may sue *such officer, agent, shop steward or representative* to recover damages or other appropriate relief for the benefit of the labor organization.

The cases have required a strict adherence to the Congressional requirements:

"The Act was not 'intended by Congress to constitute an invitation to the courts to intervene at will in the internal affairs of unions'; rather, there was an underlying 'general congressional policy to allow unions great latitude in resolving their own internal controversies'. That policy is best subserved by close adherence to the words Congress chose to use in prescribing the conditions under which judicial resolution of such a controversy might occur. Particularly is this so where, as here, a statute which confers a new right as a matter of federal law also utilizes restrictive language in specifying the remedy for its infringement." International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America v. Hoffa, 242 F.Supp. 246 [D.D.C.1965]. (citations and footnotes omitted).

Thus it has been held that *a member* must assert the breach of obligation by some *officer, agent, shop steward or representative* and request suit, and, after failure or refusal of the labor organization or its officers to sue, *such member* (i. e. the one making the request) only may then sue *the alleged offending officer, agent, shop steward or representative.* 29 U.S.C.A. § 501(b). See also: Persico v. Daley, 239 F.Supp. 629 [S.D.N.Y.1965].

While we find that the procedural prerequisites to our jurisdiction are lacking here, which require dismissal, even under the federal doctrine of notice pleading we hold that the present Complaint fails to set forth a violation of the specific duties which Sec. 501 imposes on officers which must be shown to give the court jurisdiction:

"A simple reading of that section [Sec. 501] shows that it applies to fiduciary responsibility with respect to the money and property of the union and that it is not a catch-all provision under which union officials can be sued on any ground of misconduct with which the plaintiffs choose to charge them." Gurton v. Arons, 339 F.2d 371, 375 [2nd Cir., 1964].

## II.

Plaintiffs further allege a cause of action under Title I, Sec. 101 of the LMRD Act [29 U.S.C.A. § 411] and the jurisdiction granted to the United States District Court to redress such violations in Sec. 102 [29 U.S.C.A. § 412].

Sec. 101 recites specific rights of union members which are protected; (1) the equal rights of members to nominate candidates to vote in elections, to attend meetings and participate in deliberations; (2) to meet and assemble and speak freely; (3) control of procedures for levying assessment and dues; (4) protection of the right to sue; and (5) protection against improper disciplinary action.

We cannot find in plaintiffs' complaint that a specific infringement of any of these rights of any individual plaintiff is alleged.

The gravamen of Plaintiffs' Complaint is that "the union's officers are willfully failing and refusing to enforce the union's Constitution" in relation to elections and election procedures.

The assertion was made by the plaintiff in Martire v. Laborers' Local Union 1058, 410 F.2d 32 [3rd Cir., 1969] that his removal from office violated the constitution of both the Union and the District Council, and that this constituted a Sec. 101 violation and gave the court jurisdiction under Sec. 102. However, the Court of Appeals held:

"* * * violation of a union or district council's constitution is not actionable *per se* under the LMRDA". (p. 36) (emphasis by the court).

The Court further held at p. 36:

"It is settled that 'it is only when * * a claim is made that the constitution is being applied in such a way as to deprive local members of their secured rights that the documents [constitutions] may be considered" [9]

"[9]. (citing) Navarro v. Gannon, 385 F. 2d 512, 516 n. 6, 520 [2nd Cir. 1967]."

It was also contended in Mamula v. U. S.W.A., 304 F.2d 108 [3rd Cir., 1962], that nominating and election procedures provided by the union's constitution and by-laws denied the plaintiff his rights under Sec. 101. The action was brought prior to the election in the district court. The district court denied the request for a temporary restraining order to enjoin the election, but subsequently held the election void. The Court of Appeals reversed.

On appeal the court found that Title I, Sec. 101 granted specific rights to union members and Sec. 102 required that the action be brought by the individual whose specific Sec. 101 rights were violated. We find no allegation of the specific Sec. 101 rights in this complaint of any individual plaintiff.

The Court continued at p. 113:

"Even if this were an action within the ambit of § 101(a) (1) of Title I, 29 U.S.C.A. § 411(a) (1), it is clear that the plaintiff lacks standing to bring it. The enforcement provision for Title I is § 102, 29 U.S.C.A. § 412, which provides that: 'Any person whose rights secured by the provisions of this title have been infringed * * * may bring a civil action in the district court of the United States for * * * relief * * *' ".

* * * * * *

There is nothing in the provisions of Title I or its legislative history that would give plaintiff standing as a candidate to bring this action."

* * * * * *

"Furthermore, plaintiff does not have standing to enforce the rights of other union members." (citations omitted) 304 F.2d 108, 113.

In this Complaint there are over 100 plaintiffs. There is no allegation of deprivation of Title I, Sec. 101 rights of any individual plaintiff.

In *Mamula,* supra, the Court observed:

"Title I guarantees union members an equal opportunity to vote, while Title IV prescribes the procedures that are to be followed in nominating and electing union officers. It also, just as clearly, prescribes the remedies available to a union member where these procedures are not followed." 304 F.2d 108, 109.

The Court indicated that Title IV, Secs. 401, 402, 29 U.S.C.A. §§ 481, 482 was the only machinery for control of election procedures. With one exception these procedures can be enforced only by the suit of the Secretary of Labor, after proper and timely request. The only exception allowing an individual suit is provided in Sec. 401(c), 29 U.S.C.A. § 481(c) which guarantees candidates for union office the right to inspect union membership lists, and gives such bonafide candidate standing to sue prior to election for denial of this right. [See the Opinion of this writer in Antal v. U. M. W. Dist. 5, Case No. Civil Action 66–1434, where this right was enforced in this court.]

There is no allegation in this Complaint that any plaintiff is a candidate and has been deprived of his rights as a candidate, entitling him to bring an action under 401(c). Sec. 403 [29 U.S.C.A. § 483] provides that the remedy given to the Secretary of Labor to challenge an election already conducted shall be exclusive.

In Calhoon v. Harvey, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 [1969], the Court considered complaints of plaintiffs who alleged that the eligibility requirements governing candidates for office under the union bylaws and constitution deprived them of equal rights to nominate candidates, thus violating Sec. 101(a) (1). The court of appeals had found that allegations which charged a breach of Title IV rights in the election process could give jurisdiction for a cause of action under Sec. 102. The Supreme Court disagreed with this holding.

"But Title IV, not Title I, sets standards for eligibility and qualifications of candidates and officials and provides its own separate and different administrative and judicial procedure for challenging these standards." (p. 138, 85 S.Ct. p. 295).

"Whether the eligibility requirements set by the union's constitution and bylaws were reasonable and valid is a question separate and distinct from whether the right to nominate on an equal basis given by § 101(a) (1) was violated." (p. 139, 85 S.Ct. p. 296).

"We hold that possible violations of Title IV of the Act regarding eligibility are not relevant in determining whether or not a district court has jurisdiction under § 102 of Title I of the Act." (pp. 139, 140, 85 S.Ct. p. 296).

Defendant, quoting from the concurring opinion of Justice Stewart, argues that the majority opinion of the Court ignores the emphasis Congress gave to prompt judicial remedies under Title I by its modification of the traditional requirement of exhausting internal remedies before resort to litigation. Justice Stewart goes on to note that Sec. 403 does not conclusively eliminate pre-election remedies:

"At the least, state-court actions may be brought in advance of an election to 'enforce the constitution and bylaws' ". (pp. 145, 146, 85 S.Ct. p. 299).

While Justice Stewart disagreed with the restrictive application given by the majority to Title I rights, and Title IV remedies, because they foreclose relief of a time when it is most necessary, before an election, he recognizes this as a ruling of the majority. Of more importance, Justice Stewart agreed with the conclusion of the case, that the plaintiffs did not allege in their complaint nor demonstrate in their affidavits that the rules under which the election was conducted effectively distorted the basic democratic process. Therefore, he agreed that the Complaint should be dismissed for failure to state a claim for relief.

This is the fault of the present complaint. By its joinder of a multiplicity of plaintiffs, its allegation of a class action, by its joinder of a multiplicity of diverse defendants, both individuals and union officers, as well as the labor organizations, this complaint fails in its fundamental purpose:

"*Rule 8. General Rules of Pleading.* A pleading which sets forth a claim for relief * * * shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends * * *, (2) a short and plain statement of the claim showing that the pleader is entitled to relief * * *" Fed. R. of Civ. P. 8.

Because these are not present, the cause of action asserted under Sec. 401 of the LMRDA must be dismissed, without prejudice, and the motion for preliminary injunction to restrain the casting of absentee ballots must be denied.

### III.

Plaintiffs also claim jurisdiction under Sec. 301 of the Labor-Management Relations Act of 1947 [29 U.S.C.A. 185] which permits suits for violation of contracts between *an employer and a labor organization, or between labor organizations* to be brought in any district court of the United States.

Plaintiffs do not allege a contract between a labor organization and an employer.

■■ Plaintiffs argue that this Section authorizes the courts to hear a wide range of labor controversies. This may be so, but despite the variety of labor disputes that may arise, this court only has jurisdiction to hear that variety within the range of the jurisdiction granted. It is not alleged that a collective bargaining agreement is involved. Nor is this a suit between any labor organizations arising out of such a contract. While individual members may sue to establish their rights under such contracts, Smith v. Evening News Assn., 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 [1962], there must be such a contract out of which the rights arise.

■ The grant of jurisdiction under Sec. 301 of the Labor-Management Relations Act of 1947 does not extend to internal union affairs:

> "We have been cited no authority that would permit the union constitution to be used as a contract for jurisdiction under 301 in an intra-union problem unrelated to a collective bargaining agreement. Nor do we believe that it was the intent of Congress for the courts to use the Labor Management Relations Act to police intra-union problems." Hotel & Restaurant Employees Local 400 v. Svacek, 431 F.2d 705 [9th Cir., 1970].

We find no allegation in this complaint to support a cause of action under 29 U.S.C.A. § 185, and this cause of action will be dismissed.

■ We decline to consider a claim of pendent jurisdiction upon a cause of action based on state law because such doctrine requires that the state derived cause of action must be pendant to a substantial federal claim of jurisdiction, which we do not find here. The exercise of pendent jurisdiction is a discretionary power even where it exists. Under the circumstances of this complaint, a clearly defined federal jurisdictional basis does not appear in any claim, and although we might retain a pendant claim where a substantial federal claim has been dismissed, we do not believe that its exercise is appropriate in this case. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 [1966].

### IV.

Plaintiffs also raise the provisions of 28 U.S.C.A. § 1331 as granting jurisdiction by reason of a "federal question" being involved. However, since we have examined all of the specific rights granted under federal statutes as claimed in the complaint and their accompanying grounds of jurisdiction and have found none to sustain our jurisdiction, no federal question remains to be litigated. See Flaherty v. McDonald, 183 F.Supp. 300 [S.D.Cal.1960].

Because some of the defenses raised by defendants in their motion to dismiss are based on jurisdictional prerequisites it is possible that the jurisdictional grounds raised therein may be cured and the cause reinstated. Furthermore, our decision being based on lack of jurisdiction it is not an adjudication on the merits and must be made without prejudice.

### ORDER

And now this 23rd day of November, 1970, it is ordered that:

1. Defendants' Motion to Dismiss for lack of jurisdiction is granted and the Plaintiffs' Complaint is dismissed without prejudice;

2. Plaintiffs' Motion for a Temporary Restraining Order and/or Preliminary Injunction is denied.