**Henry DiGRAZIA, Plaintiff,**

v.

**UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA and Millwright Local # 2235, Defendants.**

Civ. A. No. 77–577.

United States District Court,
W. D. Pennsylvania.

June 30, 1978.

Anthony J. Seneca, Washington, Pa., for plaintiff.

Richard D. Gilardi, Ronald L. Gilardi, Gilardi & Cooper, David Rainero, Rainero, Greenberg & Cercone, Pittsburgh, Pa., for defendants.

## MEMORANDUM AND ORDER

COHILL, District Judge.

Plaintiff, Henry DiGrazia, has brought an action asserting as a jurisdictional basis § 301(a) of the Labor-Management Relations Act of 1947 (Act), 29 U.S.C. § 185(a) (1970), which provides in relevant part:

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties . . .."

According to the complaint, plaintiff joined the defendant, United Brotherhood of Carpenters and Joiners of America (United Brotherhood), in 1946 as a carpenter apprentice in Carpenters' Local 1044, Charleroi, Pennsylvania. In 1949, he transferred to Local 15 in New Jersey. The Local 15 membership included both carpenters and millwrights. After working as a millwright in Local 15 for 20 years, he attempted to transfer to the defendant, Millwright Local # 2235 (Local 2235), Pittsburgh, Pennsylvania, which is a local subdivision of the United Brotherhood, by delivering to the business representative of Local 2235 his "working card and present dues book" pursuant to the United Brotherhood's Constitution and Laws. Plaintiff, however, was placed in Carpenters' Local # 1044 instead of Local 2235, despite his pursuit of internal remedies under the Constitution of the Carpenters' Council of Western Pennsylvania of the United Brotherhood. Citing work and other economic loss from this asserted misplacement in violation of § 301(a) of the Act, plaintiff seeks a permanent injunction transferring him to Local 2235 and compensatory damages for lost work.

Both defendants filed motions to dismiss for lack of jurisdiction, failure to state a claim and, for the United Brotherhood, lack of personal jurisdiction. The parties submitted briefs, and we heard oral argument.

Although the Third Circuit has not had the opportunity to consider the question, the weight of authority is that a union constitution can be a contract within the meaning of § 301(a) of the Act. See, e.

g., *Local No. 1 (ACA), Etc. v. I. B. T., C. W. & H.*, 419 F.Supp. 263, 288 (E.D.Pa.1976); *Keck v. Employees Ind. Ass'n*, 387 F.Supp. 241, 248–50 (E.D.Pa.1974); *Local Union 1219, Etc. v. United Brotherhood of Carpenters & Joiners*, 493 F.2d 93, 96 (1st Cir. 1974); *Santos v. Dist. Council of New York City, Etc.*, 547 F.2d 197, 199 n. 1 (2d Cir. 1977); *Parks v. International Brotherhood of Electrical Workers*, 314 F.2d 886 (4th Cir.), *cert. denied*, 372 U.S. 976, 83 S.Ct. 111, 10 L.Ed.2d 142 (1962); *Local Union No. 657, Etc. v. Sidell*, 552 F.2d 1250, 1252–56 (7th Cir. 1977), *cert. denied*, 434 U.S. 862, 98 S.Ct. 190, 54 L.Ed.2d 135 (1977).

Accordingly, jurisdiction under § 301(a) has been held to exist for suits between *unions* on the basis of alleged violations of a union constitution. *See, e. g., Local Union No. 657, Etc. v. Sidell, supra.* Where the suit is between a local union and a member to resolve an "intra-union problem unrelated to a collective bargaining agreement," however, § 301(a) does not provide jurisdiction. *Hotel & Restaurant Employees Local 400 v. Svacek*, 431 F.2d 705 (9th Cir. 1970) (per curiam); *Antal v. Budzanoski*, 320 F.Supp. 161, 168 (W.D.Pa.1970), *rev'd in part on other grounds*, 457 F.2d 1245 (3d Cir.), *cert. denied*, 409 U.S. 853, 93 S.Ct. 65, 34 L.Ed.2d 96 (1972).

The Tenth Circuit has determined that a suit between labor organizations and their members did not come within the terms of § 301(a). *Adams v. International Brotherhood of Boilermakers, Etc.*, 262 F.2d 835, 838 (10th Cir. 1959). The Sixth Circuit specifically declined to rule on this question. *Trail v. International Brotherhood of Teamsters, Etc.*, 542 F.2d 961, 968 (6th Cir. 1976). The Second Circuit, however, found jurisdiction under § 301(a) where members of one union brought suit against another union for failure to comply with an arbitral decree made pursuant to a labor federation's constitutional provision pertaining to inter-union jurisdictional disputes. *Santos v. Dist. Council of New York City, supra*, at 199.

We consider the case before us to be similar to *Antal v. Budzanoski, supra*, decided by Judge (now Chief Judge) Gerald J. Weber of this District, and *Hotel & Restaurant Employees Local 400 v. Svacek, supra.* In this regard it should be noted that we interpret *Keck v. Employees Independent Ass'n, supra*, at 249–50, as only questioning the reach, not the validity, of *Antal* and *Svacek.* In any event, the present case, as did *Antal* and *Svacek*, involves at most an inter-union dispute over the provisions of the United Brotherhood's Constitution; it seeks to enforce internal union practices, and has no effect generally on labor-management relations. *Keck v. Employees Ind. Ass'n, supra*, at 250. We therefore grant defendants' motions to dismiss for lack of jurisdiction.

Two matters raised by plaintiff deserve particular mention. First, plaintiff in his brief argues that the unions' alleged violation of the United Brotherhood's Constitution precludes him from realizing his employment rights under the collective bargaining agreement. Although plaintiff did not make this allegation in his complaint, we point out, nevertheless, that this contention is different from asserting a breach of the collective bargaining agreement as a jurisdictional basis under § 301(a).

■ Second, plaintiff in his brief and at oral argument contended that the unions breached their duty of fair representation to him. Whatever the merits of this position, and the adequacy of how it was raised, such a breach does not *in itself* provide a jurisdictional basis under § 301(a). *See, e. g., Smith v. Local No. 25, Sheet Metal Workers Int'l Ass'n*, 500 F.2d 741, 746–48 (5th Cir. 1974).

AND NOW, to-wit, this 30th day of June, 1978, in accordance with the foregoing, IT IS ORDERED, ADJUDGED and DECREED that defendants' motions to dismiss be and hereby are granted.