Michael J. CAHILL, William Murtha, and Lawrence McDermott, Plaintiffs,

v.

METALLIC LATHERS UNION LOCAL NO. 46 OF NEW YORK AND VICINITY, Defendant.

78 Civ. 4322(MP).

United States District Court, S. D. New York.

Aug. 6, 1979.

Thomas F. Quinn, Wantagh, N. Y., for plaintiffs.

Richard H. Markowitz, New York City, for defendant.

## MEMORANDUM

POLLACK, District Judge.

This is a suit under section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). (The complaint originally included claims under two other federal statutes, but these have been discontinued by stipulation.) The plaintiffs claim that discipline imposed upon them by the defendant Local Union and affirmed by the General President of the International Union violated the constitution of the International Union. Both sides have now moved for summary judgment.

The Local Union found the plaintiffs guilty of disorderly conduct at a Union meeting and prohibited them from working as foremen or shop stewards, though not as lathers, for two years. The plaintiffs appealed to the General President of the International Union, who affirmed the finding of guilt but reduced to one year the period in which the plaintiffs could not work as foremen or shop stewards.

After this suit was filed, the Regional Director of the National Labor Relations Board issued a complaint against the Local Union. The complaint alleged that the un-ion told the employers of the plaintiffs that it would not permit them to work as foremen or shop stewards and charged that the discipline imposed on the plaintiffs violated section 8(b)(1)(B) of the National Labor Relations Act, 29 U.S.C. § 158(b)(1)(B):

It shall be an unfair labor practice for a labor organization or its agents . . . to restrain or coerce . . . an employer in the selection of his representatives for the purposes of . . . the adjustment of grievances.

The plaintiffs now argue that the discipline imposed upon them also violated two sections of the constitution of the International Union:

Section 172. Penalties imposed shall consist of either a fine, suspension or expulsion.

Section 109. If a member is found guilty of committing one or more of the offenses set forth above, the penalty imposed, whether it be in the nature of a fine, suspension or expulsion, is a penalty imposed by way of internal sanctions affecting and pertaining to membership as distinguished from employment except insofar as the imposition of internal sanctions may, by law, be permitted to affect the continued employment of the member who is found guilty of violating one or more of the offenses set forth above.

## Subject-Matter Jurisdiction

■ Section 301(a) provides:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

The Second Circuit and at least three others have held that the constitution of an international union may be a contract "be-

tween . . . labor organizations" within the meaning of section 301(a). *Local Union No. 657 v. Sidell,* 552 F.2d 1250 (7th Cir.), *cert. denied,* 434 U.S. 862, 98 S.Ct. 190, 54 L.Ed.2d 135 (1977); *Santos v. District Council,* 547 F.2d 197 (2d Cir. 1977); *Trail v. International Brotherhood of Teamsters,* 542 F.2d 961 (6th Cir. 1976); *Abrams v. Carrier Corp.,* 434 F.2d 1234 (2d Cir. 1970), *cert. denied,* 401 U.S. 1009, 91 S.Ct. 1253, 28 L.Ed.2d 545 (1971); *Parks v. International Brotherhood of Electrical Workers,* 314 F.2d 886 (4th Cir.), *cert. denied,* 372 U.S. 976, 83 S.Ct. 1111, 10 L.Ed.2d 142 (1963); *cf. 1199 DC National Union of Hospital and Health Care Employees v. National Union of Hospital and Health Care Employees,* 175 U.S. App.D.C. 70, 533 F.2d 1205 (1976); *Hotel & Restaurant Employees Local 400 v. Svacek,* 431 F.2d 705 (9th Cir. 1970) (per curiam); *but see Smith v. United Mine Workers,* 493 F.2d 1241 (10th Cir. 1974).

The Second Circuit has held further that individual members may have standing to sue for enforcement of the constitution of their union. *Santos v. District Council, supra; Abrams v. Carrier Corp., supra.*

Not all provisions of a union's constitution, however, may be enforced by suit under section 301(a). Although the Second Circuit has not yet spoken, every other Circuit that has held a union's constitution to be a "contract" has also held that jurisdiction to enforce the constitution under section 301(a) does not extend to merely intra-union disputes. *See Local Union No. 657 v. Sidell, supra,* 552 F.2d at 1255 ("[A] federal court should be chary of extending the scope of Section 301(a) to comprehend federal court involvement in the control and supervision of purely internal union disputes."); *Trail v. International Brotherhood of Teamsters, supra,* 542 F.2d at 968 (Congress and the courts are reluctant "to authorize judicial intervention in the internal affairs of unions"); *1199 DC National Union v. National Union, supra,* 175 U.S.App. D.C. at 74, 533 F.2d at 1208 (complaint under § 301(a) must include "concrete allegations of actual threats to industrial peace"; "allegations concerning the union constitution [that] reveal only an intra-union conflict" do not confer jurisdiction); *Hotel & Restaurant Employees Local 400 v. Svacek, supra,* 431 F.2d at 706 ("[no] jurisdiction under § 301 in an intra-union problem unrelated to a collective bargaining agreement"); *Parks v. International Brotherhood of Electrical Workers, supra,* 314 F.2d at 916 (federal courts have jurisdiction over suits to enforce union constitutions because "they have traumatic industrial and economic repercussions").

■ The present controversy is no more than an internal union dispute. It poses no threat to industrial peace, and it is unrelated to a collective bargaining agreement.

■ The Union argues that the jurisdiction of this Court is preempted by that of the NLRB because the plaintiffs allege that the Union committed an unfair labor practice in its discipline of them. The general rule is that the district courts have jurisdiction over suits to enforce a contract "even though the conduct involved was arguably or would amount to an unfair labor practice within the jurisdiction of the . . . Board." *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 562, 96 S.Ct. 1048, 1055, 47 L.Ed.2d 231 (1976). Here, however, the propriety of the discipline under section 109 depends upon whether the discipline constituted an unfair labor practice, which must be determined by the Board. Even if the Board found that an unfair labor practice had taken place, that finding would give rise, so far as a violation of the Union's constitution is concerned, only to a state-law claim by the plaintiffs.

■ The plaintiffs argue that their entire claim is cognizable under state law and that the Court therefore has pendent jurisdiction of it, even though the Court has no jurisdiction of their claim under section 301(a). However, "if the federal claims are dismissed before trial . . . the [pendent]

state claims should be dismissed as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

It appearing that the Court has no jurisdiction of the subject matter of this suit, the complaint is accordingly dismissed.

SO ORDERED.