**Don VESTAL et al., Plaintiff-Appellees,**

v.

**James R. HOFFA et al., Defendant-Appellants.**

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, etc., et al., Plaintiff-Appellants,**

v.

**Don VESTAL et al., Defendants-Appellees.**

No. 71–1472.

United States Court of Appeals, Sixth Circuit.

Dec. 3, 1971.

---

David Previant, Milwaukee, Wis., for James R. Hoffa and others; Goldberg, Previant & Uelmen, Milwaukee, Wis., Raymond W. Bergan, Williams, Connolly & Califano, Washington, D. C., Cecil D. Branstetter, Branstetter, Moody & Kilgore, Nashville, Tenn., Ian Lanoff, Washington, D. C., on brief.

Edward C. White, Nashville, Tenn., for Don Vestal and others.

Before WEICK, CELEBREZZE and PECK, Circuit Judges.

WEICK, Circuit Judge.

The sole question in this appeal is whether General President James R. Hoffa had the right under the Constitution of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America to delegate authority to General Vice President Frank E. Fitzsimmons to impose a trusteeship over its Local Union 327 of Nashville, Tennessee.

The District Court, 329 F.Supp. 801, construing the constitution of the International Union, held that only the General President had that authority and that it was non-delegable. The District Court entered an order enjoining the continuation of the trusteeship imposed by General Vice President Fitzsimmons over the local union. The International appealed. We reverse.

The power and authority of the General President to appoint trustees for local unions was provided for in Art. VI Sec. 5 of the Constitution adopted at the International Convention held in July, 1966. The pertinent part is as follows:

"ART. VI, SEC. 5

Power of General President to Appoint Trustees; Duties and Obligations

of Local Unions Under Trustee-ship

Section 5(a). If the General President has or receives information which leads him to believe that any of the officers of a Local Union or other subordinate body are dishonest or incompetent, or that such organization is not being conducted in accordance with the Constitution and laws of the International Union or for the benefit of the membership, or is being conducted in such a manner as to jeopardize the interests of the International Union, or its subordinate bodies or if the General President believes that such action is necessary for the purpose of correcting corruption or financial malpractice, assuring the performance of collective bargaining agreements or other duties of a bargaining representative, restoring democratic procedures or preventing any action which is disruptive of or interferes with the performance or obligations of other members or Local Unions under collective bargaining agreements, or otherwise carrying out legitimate objects of the subordinate body, he may appoint a temporary Trustee to take charge and control of the affairs of such Local Union or other subordinate body; provided, however, that before the appointment of such temporary Trustee, the General President shall set a time and place for a hearing for the purpose of determining whether such temporary Trustee shall be appointed, and further provided that where, in the judgment of the General President, an emergency situation exists within the Local Union or other subordinate body, the temporary Trustee may be appointed prior to such hearing, but such hearing shall then commence within thirty (30) days and decision made within sixty (60) days after the appointment of such temporary Trustee; and further provided that in all cases the Local Union or other subordinate body shall be advised of the reason for the appointment. Adequate notice at least ten (10) days prior to the date of the hearing shall be given to the Local Union or other subordinate body involved. In the case of all hearings conducted prior to, or after the establishment of a Trusteeship, the General President shall designate a panel comprised of at least one (1) International Union Vice President and one (1) disinterested member of the International Brotherhood of Teamsters from the area involved. The General President may, at his discretion, appoint an employee of the International Union to such panel. Such representatives shall make their recommendations to the General President orally or in writing within thirty (30) days after the furnishing of the transcript of testimony, and the decision in the case shall be made by the General President himself, which decision shall be made within ten (10) days after such recommendations are received by him, and the decision shall be promptly transmitted to the Local Union or other subordinate body. Appeals, if any, from determinations following such hearings shall be taken directly to the General Executive Board. Appeals, if any, from the decision of the General Executive Board shall be taken to the Convention by only the Local Union or subordinate body affected. Procedures on appeals under this Section, insofar as is consistent with this Section, shall be governed by the provisions of Article XIX. The International Union shall not be responsible for any actions or activities of a Local Union or other subordinate body under Trusteeship unless such actions or activities have been directed or authorized by the Trustee.

"The General Executive Board may modify or add to the procedures established herein for the purpose of assuring compliance with any applicable law.

"(b). The Trustee shall be authorized and empowered to take full charge of the affairs of the Local Union or other subordinate body, to remove any or all officers and appoint temporary

officers at any time during his Trusteeship, and to take such other action as in his judgment is necessary for the preservation of the Local Union or other subordinate body and its interests. The terms of office of officers so removed shall terminate as of the date of removal, unless otherwise absolved. The Trustee shall report from time to time on the affairs and transactions of the Local Union or other subordinate body to the General President. His acts shall be subject to the supervision of the General President. The General President may remove Trustees at any time and may appoint successor Trustees.

"(c). The removed officers shall turn over all moneys, books and properties of the Local Union and other subordinate body to the Trustee, who must receipt for same."

At that convention General President Hoffa was re-elected for a term of five years. The delegates to the convention created a new position of General Vice President and elected Mr. Fitzsimmons, who had been Vice President under the old constitution, to that office for a term of five years. Because Mr. Hoffa faced imprisonment on account of his conviction on certain criminal charges, which conviction was then being appealed, and in order to provide continuity of leadership during his confinement, Article IX, § 2 of the 1966 Constitution was enacted, which provides:

"The General Vice President shall assume such duties and perform such functions as may be delegated to him by the General President. He shall be permitted to maintain such other offices, positions and functions as the General President shall approve."

Shortly prior to his imprisonment, Mr. Hoffa, on February 28, 1967, acting pursuant to Article IX § 2 of the International Constitution, delegated to General Vice President Fitzsimmons the performance of all the duties and functions of the office of General President, specifically including authority to impose trusteeships on affiliated unions under au-

thority of Article VI of the Constitution hereinbefore set forth. Such delegation was to become effective upon his confinement.

The General Executive Board, at its meeting held on the same day, approved the delegation of authority made by Mr. Hoffa and interpreted the Constitution as authorizing such delegation.

The authority of the General Executive Board to interpret the International's Constitution was provided in Article IX, § 1:

"The General Executive Board shall have the authority to interpret and apply the Constitution and laws of the International Union and to decide all questions of law thereunder subject to appeal to the next Convention."

On February 2, 1971, two members of Local 327 forwarded to the General Vice President and the General Executive Board a petition signed by more than four hundred members of Local 327, requesting the imposition of a trusteeship over said local union, which petition was accompanied by documents alleging substantial financial irregularities and information concerning several lawsuits. The General Vice President instructed the International's auditor to conduct an investigation. He made a report finding gross irregularities in the conduct of the affairs of the local union.

General Vice President Fitzsimmons then on March 12, 1971, imposed a temporary trusteeship on Local 327, and appointed W. C. Smith, an experienced officer of another local union, as trustee. He directed that a hearing be held before a panel composed of an International Vice President and two presidents of other local unions, to determine whether the trusteeship should be continued or terminated. The panel conducted the hearing and unanimously recommended that the trusteeship be continued.

The officers of Local 327 resisted the trusteeship and refused to turn over to the trustee the property and assets of the local union. They instituted an action in the United States District Court to en-

join continuation of the trusteeship. The International union and the trustee instituted an action in the United States District Court to enforce the trusteeship. The two cases were consolidated for hearing.

At the conclusion of the hearing the District Court ruled that the International Constitution did not authorize the General Vice President to impose the trusteeship over Local 327 and was therefore in violation of 29 U.S.C. § 462, and the Court permanently enjoined the International union from continuing the administration of the trusteeship.

An application for a stay was made to the District Court and was denied. A notice of appeal to this Court was then filed by the International union along with a motion for a stay, which was granted by a Judge of this Court. An application to dissolve the stay was made to two Justices of the Supreme Court and was denied by each Justice. The officers of the local union did not comply with the stay order and the case was remanded to the District Court which enforced the stay upon the trustee's execution of a $200,000-bond.

■ The International Constitution and its rules and regulations were binding upon the union members. Cleveland Orchestra Committee v. Cleveland Fed'n of Musicians, 303 F.2d 229 (6th Cir. 1962).

Article IX, § 1 of the Constitution conferred on the General Executive Board power to interpret the Constitution, which it did, and the Board held that the Constitution expressly gave the power of delegation to the General President, and it approved his acts.

On March 1, 1967, representatives from Teamster Joint Councils from the United States and Canada met and approved the action of the General Executive Board.[1]

■ Courts are reluctant to substitute their judgment for that of union officials in the interpretation of the union's constitution, and will interfere only where the official's interpretation is not fair or reasonable. English v. Cunningham, 108 U.S.App.D.C. 365, 282 F.2d 848, 850 (1960). See also Lewis v. American Fed'n of State, County & Municipal Employees, 407 F.2d 1185, 1192 (3d Cir. 1969); Vestal v. International Bhd. of Teamsters, 245 F.Supp. 623 (M.D.Tenn.1965).

■ In our opinion, the interpretation of the International's Constitution by the General Executive Board was fair and reasonable.

The judgment of the District Court enjoining the continuation of the trusteeship is reversed, and this cause is remanded to the District Court with instructions to dismiss the complaint of Vestal, et al., for an injunction, and to enforce the trusteeship over Local 327.

---

1. Mr. Hoffa has since resigned as General President, and Mr. Fitzsimmons was elected to that office to succeed him, at a subsequent Convention.