**William J. CHARRON, Plaintiff-Appellant,**

v.

**AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES UNION, AFL-CIO et al., Defendants-Appellees.**

No. 72-1181.

United States Court of Appeals, Sixth Circuit.

Nov. 8, 1972.

James W. Statham, Keywell & Rosenfeld, Southfield, Mich., for plaintiff-appellant.

A. L. Zwerdling and George M. Maurer, Jr., Zwerdling, Maurer, Diggs & Papp, Detroit, Mich., for defendants-appellees.

Before EDWARDS and CELEBREZZE, Circuit Judges, and WELLFORD,* District Judge.

PER CURIAM.

Plaintiff-appellant Charron was President of American Federation of State, County and Municipal Employees Metropolitan Council #23 and Local #101 in Michigan when the International Secretary-Treasurer authorized an independent audit of the Council records. Copies of the subsequent audit report were mailed to Charron and other members of Council 23 Executive Board and distributed also to delegates at a subsequent

* Honorable Harry W. Wellford, United States District Court, Western District of Tennessee, sitting by designation.

assembly. On May 2, 1969, Charron was suspended by International President Wurf from his position as International Vice-President and President of the Council and the Local, and charges were the next day filed, pursuant to provisions of the International Union Constitution, against Charron asserting in some ten particulars that he had allegedly misapplied Local and Council funds by improper advances, charges, and expenditures without authority or accounting. Furthermore, he was charged with using funds of these bodies to support his candidacy as International Vice-President and with refusing to supply financial records demanded by the International in violation of the AFSCME Constitution.

After due notice, and following an abortive meeting and hearing on the charges by Council 23, Charron represented by counsel was tried on the charges by the acting Chairman of AFSCME's Judicial Panel. Charron was found guilty of some eight of the charges,[1] acquitted on the others, and ordered expelled from membership. After unsuccessfully appealing this decision to the Full Judicial Panel and the International Convention of AFSCME, Charron brought this action under Title I of the Landrum-Griffin Act (29 U.S.C. § 401 et seq.) against the Union seeking restoration of his offices and membership, damages, and an injunction in the United States District Court at Detroit. After a trial, the United States District Judge granted defendant Union's motion for summary judgment. Charron appeals from Judge Pratt's order asserting error (1) with respect to specificity of the charges against him, and (2) that Charron was not afforded a "full and fair hearing."

In enacting the Landrum-Griffin Act, Congress set out, 29 U.S.C. § 401(a) that:

The Congress finds . . . that in order to accomplish the objective of a free flow of commerce it is essential that labor organizations, employers, and their officials adhere to the highest standards of responsibility and ethical conduct in administering the affairs of their organizations . . . .[2] and in 29 U.S.C. § 411(a)(5):

No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.

█ The record before this Court indicates that plaintiff-appellant was served with requisite written specific charges under the law. Section 101(a)(5)(A) requires only that a "member subject to discipline be 'served with written specific charges.' These charges must be . . . 'specific enough to inform the accused member of the offense that he has allegedly committed'." International Brotherhood of Boilermakers v. Hardeman, 401 U.S. 233, 245, 91 S.Ct. 609, 616, 28 L.Ed.2d 10 (1971). Charron undoubtedly was informed as to the nature of the alleged offenses with which he was charged in violation of the Union Constitution and in violation of his responsibilities as a union official under the law.

█ Under all the apparent circumstances set out in the record, Charron was given ample time to prepare his defense and offered evidence at the hearing conducted under provisions of the Union Constitution. We are required only to determine whether there was "some evidence" offered by the Union to support the finding of guilt on some or all of the charges against appellant Charron in the disciplinary hearing. Boilermakers v. Hardeman, supra p. 246, 91 S.Ct. 609. Lewis v. AFSCME, 407 F.2d 1185

---

1. Plaintiff-appellant was found guilty as to parts of charge #3 and not guilty as to other parts.

2. See also 29 U.S.C. § 501(a) as to fiduciary responsibility of officers of labor organizations.

(3rd Cir. 1969), Burke v. Boilermakers, 417 F.2d 1063 (9th Cir. 1969).

■ There appears to be no denial of due process with regard to the internal disciplinary proceedings of the International Union; Charron was, indeed, afforded a full and fair hearing at which some evidence of his guilt on a majority of the specified charges was adduced.

For these reasons, in addition to those set out in Judge Pratt's memorandum opinion below, the order of the District Court is affirmed.