Andrew J. SMITH et al., etc.,
Plaintiffs-Appellees,

v.

UNITED MINE WORKERS OF AMER-
ICA, an unincorporated association,
and Louis Kosec, Defendants-Appel-
lants.

No. 73-1578.

United States Court of Appeals,
Tenth Circuit.

April 1, 1974.

A. Wally Sandack, Salt Lake City,
Utah, for plaintiffs-appellees.

Daniel B. Edelman, Washington, D. C.
(Joseph A. Yablonski and ·Clarice R.
Feldman, Washington, D. C., and Ralph
R. Tate, Jr., of Henriksen, Fairbourn &
Tate, Salt Lake City, Utah, on the
brief), for defendants-appellants.

Before BREITENSTEIN, McWIL-
LIAMS and DOYLE, ·Circuit Judges.

BREITENSTEIN, Circuit Judge.

The district court entered a pre-
liminary injunction forbidding an inter-
national union to merge several of its
intermediate bodies. We reverse on the
ground·that the court did not have juris-
diction.

Defendant-appellant United Mine
Workers of America is an international
union representing the employees of coal
mines and allied industries. It has a
three-level structure with the intermedi-
ate level composed of districts which in
turn are made up of local unions. We

are concerned with District 22 which includes Utah, Wyoming, and Arizona. The individual plaintiffs-appellees are members of locals and were designated by the locals to oppose the merger. All of the local unions who appear as plaintiffs-appellees are within the territorial jurisdiction of District 22.

UMWA has had a turbulent history in recent years. See Trbovich v. United Mine Workers of America, 404 U.S. 528, 92 S.Ct. 630, 30 L.Ed.2d 686, and United States v. Boyle, D.C.Cir., 482 F.2d 755. Many districts have been in trusteeship. Hodgson v. United Mine Workers of America, 153 U.S.App.D.C. 407, 473 F. 2d 118, 121. Pursuant to a court-ordered election, new officers were installed in December, 1972. They ordered an investigation of the possibility of merging Districts 10, 15, 22, and 27. After considering the report the International Executive Board approved the merger and ordered an election of officers. The action before us was brought to enjoin the merger. The defendants answered and, among other things, attacked the jurisdiction of the court. An evidentiary hearing was held on the application for a preliminary injunction.

Art. IV, § 2, of the UMWA constitution provides:

"The International Executive Board shall have authority to change the boundaries of Districts as conditions may require; but the boundaries of self-supporting Districts shall not be changed except by a vote of the membership affected, as determined by the District, the referendum to be taken by the officers of the District affected and representatives of the International Union * * *."

The court held that it had jurisdiction under 29 U.S.C. §§ 185, 411, and 412 and 28 U.S.C. §§ 1331, 2201, and 2202. After finding that District 22 was self-supporting and that no election had been held, the district court enjoined the merger. The International contends that the finding that District 22 is self-supporting is clearly erroneous. We do not reach that issue.

Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) provides:

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

Section 301(a) confers federal jurisdiction over suits for violations of contracts between labor organizations representing employees in an industry affecting commerce. The International and the locals are labor organizations. See 29 U.S.C. § 152(5) made applicable to § 301(a) by 29 U.S.C. § 142(3). They represent employees in an industry affecting commerce. The contract violation is based on the claim that the action of the International merging districts is a breach of the provisions of the International's constitution relating to changes in the boundaries of districts.

The basic question is whether Congress, by the enactment of § 301(a), intended to confer jurisdiction over internal union affairs which have no connection with industrial peace or to a collective bargaining contract. The legislative history of § 301(a) has been considered in a number of cases. See e. g. Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 348 U.S. 437, 75 S.Ct. 488, 99 L. Ed. 1256; Textile Workers Union of America v. Lincoln Mills of Alabama, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972; and Parks v. International Brotherhood of Electrical Workers, 4 Cir., 314 F.2d 886, 915–916, cert. denied 372 U.S. 976, 83 S.Ct. 1111, 10 L.Ed.2d 142. The most that can be said of that history is that Congress did not anticipate the

problem which is before us. See Parks, 314 F.2d at 916.

Textile Workers Union of America v. Lincoln Mills of Alabama, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972; Dowd Box Co., Inc. v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483; Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of America v. Lucas Flour Co., 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593, and Atkinson v. Sinclair Refining Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed. 2d 462, all recognize § 301(a) jurisdiction as applying to suits arising out of collective bargaining contracts. Retail Clerks International Association v. Lion Dry Goods, Inc., 369 U.S. 17, 82 S.Ct. 541, 7 L.Ed.2d 503, upheld § 301(a) jurisdiction over a suit by a local union to enforce a strike settlement agreement. Both Retail Clerks, 369 U.S. at 28, 82 S. Ct. 541, and Lincoln Mills, 353 U.S. at 455, 77 S.Ct. 912, say that federal policy established by § 301(a) is to promote industrial peace by permitting enforcement in federal courts of contracts made by labor organizations. To the same effect is Smith v. Evening News Association, 371 U.S. 195, 200, 83 S.Ct. 267, 9 L.Ed.2d 246, which also rejects the contention that the word "between" as used in § 301(a) refers to "suits" rather than "contracts," and held that § 301(a) permits a suit by a union member to enforce a collective bargaining contract.

The local unions and their members rely on Parks v. International Brotherhood of Electrical Workers, 4 Cir., 314 F.2d 886, cert. denied 372 U.S. 976, 83 S.Ct. 1111, 10 L.Ed.2d 142. In that case the local had gone on strike in violation of certain requirements of the International's constitution and the International revoked the local's charter. The local and some of its members sued the International for injunctive relief to compel the restoration of the charter. The court upheld § 301(a) jurisdiction. In so doing the court recognized that disputes such as the one before it have "traumatic industrial and economic repercussions." 314 F.2d 916. At the same time the court recognized that the grant of jurisdiction should not be expanded "into a carte blanche for unrestrained judicial inventiveness in the areas of union structure." 314 F.2d at 917. The court also said, 314 F.2d at 906, that: "Questions as to how relations between an international and its local might best be regulated are for internal settlement or for Congress, which possesses the legislative power."

Section 301(a) is not restricted to suits arising from collective bargaining agreements. See Retail Clerks, supra, 369 U.S. at 28, 82 S.Ct. 541 (a suit involving a strike settlement agreement). At the same time § 301(a) does not confer jurisdiction of a dispute between a parent union and a local union over the meaning of the parent's constitution. We recognize that § 301(a) must be liberally applied to promote industrial peace, but that principle has no application here. This controversy relates only to the construction and application of the union constitution and has nothing to do with labor-management relations. It may be that under the law of some states a union constitution is a contract between the union and its members. See International Association of Machinists v. Gonzales, 356 U.S. 617, 618–619, 78 S.Ct. 923, 2 L.Ed.2d 1018, applying California law. We are concerned with federal, not state, law and we must view § 301 in the light of its underlying purpose to provide a federal remedy in cases where, because of difficulties in suing labor associations, other remedies were inadequate. See Lincoln Mills, supra, 353 U.S. at 453–454, 77 S. Ct. 912.

A holding that the word "contracts" as used in § 301(a) encompasses union constitutions would open the doors of the federal courts to every dispute between a parent union and a local union over the meaning and effect of the union constitution. If Congress intended to turn over to the federal courts the control and supervision of internal union affairs which have no external application to industrial peace or to collective bargaining agreements we believe that

Congress would have said so explicitly. We agree with the Ninth Circuit that it was not the intent of Congress for the courts to use the LMRA to police intra-union problems. Hotel & Restaurant Employees Local 400 v. Svacek, 9 Cir., 431 F.2d 705, 706. It follows that § 301 (a) does not confer federal jurisdiction over the case before us.

The district court also held that it had jurisdiction under § 102 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 412. That section gives federal jurisdiction over a suit for the deprivation of "equal rights" guaranteed by § 101(a)(1), 29 U.S.C. § 411(a)(1) which reads:

> "Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organizations, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws."

■ Section 102 does not confer jurisdiction unless § 101(a)(1) has been violated. Calhoon v. Harvey, 379 U.S. 134, 139, 85 S.Ct. 292, 13 L.Ed.2d 190. The "equal rights" guaranteed are subject to the reasonable rules and regulations in the union's constitution and by-laws. No claim is presented of any discrimination at any election. The argument attacks the refusal of the International to call for a referendum on the merger question. A referendum is required if the district is self-supporting. The Executive Board of the International found that District 22 was not self-supporting. The attack of the plaintiffs can go only to the reasonableness of the pertinent constitutional provision.

Nothing before us establishes that the distinction between self-supporting and non-self-supporting districts is unreasonable or that the requirement of self-support has been unequally applied to discriminate against anyone or any district.

■ LMRDA is remedial legislation and as such should be liberally construed. International Brotherhood of Boilermakers, etc. v. Braswell, 5 Cir., 388 F.2d 193, 200–201, cert. denied 391 U.S. 935, 88 S.Ct. 1848, 20 L.Ed.2d 854. It does not, however, purport to project absolute judicial control over the internal management of unions. Schuchardt v. Millwrights & Machinery Erectors, Local 2834, 10 Cir., 380 F.2d 795, 797. The rights granted by the Act are specific. Congress did not intend that the Act be an invitation to the courts to intervene at will in the internal affairs of unions. Williams v. International Typographical Union, 10 Cir., 423 F.2d 1295, 1297, cert. denied 400 U.S. 824, 91 S.Ct. 47, 27 L.Ed.2d 53. There is no allegation and no proof that the constitutional provision before us is unfair or unreasonable or that it has been applied discriminatorily. See Vestal v. Hoffa, 6 Cir., 451 F.2d 706, 709, cert. denied 406 U.S. 934, 92 S.Ct. 1768, 32 L.Ed.2d 135. LMRDA does not confer federal jurisdiction over the suit at bar.

■ The trial court also found federal jurisdiction under 28 U.S.C. § 1331 (federal question) and §§ 2201 and 2202 (declaratory judgments). We have held that there is no subject-matter jurisdiction under either LMRA or LMRDA. It follows that there is no federal question which would sustain federal question jurisdiction under the mentioned sections.

Reversed and remanded with directions to dismiss the action.