394 F.Supp. 189 (1975)
1199DC, NATIONAL UNION OF HOSPITAL AND HEALTH CARE EMPLOYEES, et al., Plaintiffs,
v.
NATIONAL UNION OF HOSPITAL AND HEALTH CARE EMPLOYEES, Defendant.
Civ. A. No. 75-0279.
United States District Court, District of Columbia.
May 14, 1975.
Norman L. Blumenfeld, Washington, D. C., for plaintiffs.
Isaac Groner, Cole & Groner, Washington, D. C., Harry Weinstock, Sipser, Weinstock, Harper & Dorn, New York City, Bernard W. Rubenstein, Edelman, Levy & Rubenstein, P.A., Baltimore, Maryland, for defendants.

MEMORANDUM OPINION AND ORDER
SIRICA, District Judge.
This matter comes before the Court on the defendant's motion to dismiss and the plaintiffs' opposition thereto. Both parties filed memoranda setting forth their positions, and the Court heard oral arguments on the motion on May 5, 1975. Thereafter the motion was taken under advisement.
The complaint in this case is brought by an association of members of the National Union of Hospital and Health Care Employees (hereinafter NUHHCE) living in the Washington, D.C. area and by individual members of the union, against the parent NUHHCE. The crux of the complaint concerns the adoption by the Executive Board *190 of the NUHHCE of a motion transferring the plaintiffs' memberships to District 1199E, in Baltimore, Maryland. Miscellaneous other grievances are alleged all of which directly flow from the allegedly illegal transfer. Plaintiffs complain that the transfer of membership was done in disregard of the NUHHCE constitution and constitutes a violation of the Labor-Management Reporting and Disclosure Act of 1959 (Landrum-Griffin Act), 29 U.S.C. § 401 et seq., and the Labor Management Relations Act of 1947, as amended (Taft-Hartley Act), 29 U.S.C. § 141 et seq.
The defendant has moved to dismiss the complaint arguing lack of jurisdiction, exhaustion, and failure to state a claim. The Court has concluded that the statutes invoked do not confer jurisdiction over the matters in dispute.

I. BACKGROUND.
Within the structure of the NUHHCE there are units officially designated "Districts" which are self-sustaining local entities comprised of union members. The self-sustaining aspect of a District appears to be significant for Article IX of the NUHHCE constitution provides, in part, that:
In establishing a District, the National Union shall be guided by general criteria as to whether there are a sufficient number of members in the proposed area to constitute a self-sustaining and viable organization capable of functioning to serve the interests of its members.
Members of the NUHHCE not living within the boundaries of any "District" are "members-at-large" of the National Union and may be carried in that status for two years. By the end of two years, however, such memberships must be transferred to the nearest District or a new District must be created. Article X, § 5 NUHHCE Constitution. It appears that the plaintiff 1199DC was established as a transition unit (not a District) to service the members-at-large in the Washington, D.C. area. After several years of operation it included 500-600 members. (The exact number is disputed, but it is clear that there were substantially fewer than the 6000 or so members that comprise the Baltimore District, 1199E.) On July 23-24, 1974, the Executive Board of the NUHHCE unanimously voted to transfer the memberships-at-large in the 1199DC unit to District 1199E, the nearest District.
The plaintiffs complain that in so doing the defendant violated Articles III and IX of the NUHHCE constitution. Those provisions give the Executive Board of the National Union authority to alter the boundaries of an existing District "subject to the approval of the members involved." Plaintiffs allege that neither the members of 1199DC nor the members of 1199E were allowed to vote on the transfer. The defendant, on the other hand, claims by affidavit that those provisions were properly interpreted by the Executive Board (pursuant to Article V, § 6 of the constitution which gives the Board the right to interpret the constitution) as giving only members of the existing District the right to vote on the change in District boundaries, and that the members of 1199E did approve of the transfer. (Affidavit of Leon J. Davis, filed May 5, 1975).

II. THE LABOR MANAGEMENT RELATIONS ACT.
The defendant states, in his motion to dismiss, that the plaintiffs have failed to state a cause of action under Section 301 of the Labor Management Relations Act (29 U.S.C. §§ 141, 185) and that, therefore, the Court should dismiss this case for lack of jurisdiction.
Plaintiffs respond to this statement, arguing that this Court properly has jurisdiction since the complaint alleges that the defendant has violated the contract between the defendant and plaintiffs and that this violation has resulted in violations of the employer-defendant contracts as well.
*191 Plaintiffs' complaint, more specifically, alleges that the NUHHCE constitution was violated by the National Union Executive Board's decision to "merge" or transfer the 500-600 members of the 1199DC unit to the 6,000 member District 1199E. The other contractual violations alleged by the plaintiffs appear to stem from or result from this merger.
As the basis for plaintiffs' reliance upon Section 301 jurisdiction is their argument that the NUHHCE constitution is a "contract" within the meaning of the statute. Plaintiffs' reliance has been misplaced.
Section 301 of the Labor Management Relations Act states that:
(a) Suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, . . .. (29 U.S.C. 185(a))
Although the Supreme Court has not spoken definitively on the subject, the Courts of Appeals have, and the weight of case law holds that the constitution of a union is not a "contract" within the purview of the statute in an intra-union dispute unrelated to a collective bargaining agreement or to union affairs having no connection with industrial and economic peace. Smith v. United Mine Workers of America, 493 F.2d 1241 (10th Cir. 1974); Hotel and Restaurant Employees Local 400 v. Svacek, 431 F.2d 705 (9th Cir. 1970); Parks v. International Brotherhood of Electrical Workers, 314 F.2d 886 (4th Cir.) cert. denied 372 U.S. 976, 83 S.Ct. 1111, 10 L.Ed.2d 142 (1963).
In Smith, supra, a case substantially similar to the instant case, individual plaintiffs, members of several union locals, attempted to enjoin the merger of the locals by the international union. They claimed federal district court jurisdiction under Section 301 alleging that the merger violated the union's constitution. The district court assumed jurisdiction and granted the preliminary injunction, forbidding the merger. The Court of Appeals reversed, holding that the district court was without jurisdiction to enjoin the international union from merging imtermediate bodies since union constitutions are not "contracts" within the meaning of the act. 493 F.2d at 1243, 1244.
The reasoning of this decision was sound, based on the conclusion that it was not the intent of Congress for the courts to use the Labor Management Relations Act to police intra-union disputes. Hotel and Restaurant Employees Local 400 v. Svacek, 431 F.2d at 706 (4th Cir. 1970).
Since this case does not deal with a collective bargaining agreement or a dispute which would have traumatic industrial and economic repercussions, such as with the revocation of a charter, (See Parks v. International Brotherhood of Electrical Workers, supra), this Court does not have jurisdiction over this case under Section 301.

III. THE LABOR-MANAGEMENT REPORTING AND DISCLOSURE ACT.
The other statute invoked by the plaintiffs is the Labor-Management Reporting and Disclosure Act of 1959. 29 U.S.C. § 401 et seq. Specifically referring to the "Bill of Rights of Members of Labor Organizations" 29 U.S.C. §§ 411, 412, the plaintiffs contend that they have a right, under the statute, to vote on substantial organizational changes such as the transfer of memberships; and that this legislation provides a cause of action whenever a union constitution is applied so as to deprive union members of the right to vote on such union matters. Two cases are cited as support for these contentions, Sheldon v. O'Callaghan, 497 F.2d 1276 (2nd Cir. 1974); and Navarro v. Gannon, 385 F. *192 2d 512 (2d Cir. 1967). But even if these cases are read in the most favorable light, they could not be said to support a cause of action for an alleged failure to submit all intra-union matters or disputes to a vote of union members.
In Vestal v. Hoffa, 451 F.2d 706 (6th Cir. 1971) a dispute concerning the imposition of a trusteeship by a parent union over a local union centered on the interpretation of the constitution and rules of the international union. In directing the District Court to dismiss the complaint the Court of Appeals noted that:
Courts are reluctant to substitute their judgment for that of union officials in the interpretation of the union's constitution, and will interfere only where the official's interpretation is not fair or reasonable. Id. at 709.
Even the Sheldon case, supra, cited by the plaintiffs noted that the LMRDA was not intended to be an open invitation for courts to intervene in internal union matters, and that courts are generally reluctant to do so. 497 F.2d at 1281.
In the Smith case, supra, the plaintiffs also alleged that the LMRDA had been violated. The plaintiffs complained that a provision of the union's constitution requiring a referendum before such action could be taken in certain cases had been improperly interpreted and that they had been denied the right to vote on the matter. The Court of Appeals held that since the constitutional provision was not unreasonable nor had it been unfairly applied that the allegation would not withstand a motion to dismiss. Id. at 1244.
In this case it does not appear to the Court that the provisions of the NUHHCE constitution are unreasonable or that they have been interpreted or applied unreasonably. The provision of Article IX giving the Executive Board the authority to determine, pursuant to specified criteria, whether a District is to be created for members-at-large living in an area is certainly reasonable, and the provision that the members-at-large shall be transferred to the nearest District if the Executive Board finds that it would not be feasible to create a new District is certainly fair. In this context the interpretation by union officials of Articles III and IX, so as to require the approval of the alteration of District boundaries to absorb the members-at-large by members of the affected District only, is fair and reasonable. In these circumstances the LMRDA does not provide jurisdiction for a federal court to intervene.
Therefore, it is by the Court this 14th day of May, 1975,
Ordered that the defendant's motion to dismiss the complaint be, and the same hereby is, granted.