**Boris FREDERICKS**

v.

**PENNSYLVANIA SOCIAL SERVICES UNION, LOCAL 668.**

Civ. A. No. 75–782.

United States District Court,
W. D. Pennsylvania.

March 30, 1976.

Eric B. Chaikin, Philadelphia, Pa., for defendant.

D. Michael Fisher, Pittsburgh, Pa., for plaintiff.

## MEMORANDUM

ROSENBERG, District Judge.

This matter is before me on the motion of the plaintiff, Boris Fredericks, to remand the present action removed to this Court by the defendant, Pennsylvania Social Services Union, Local 668 (Union).

On April 25, 1975, the plaintiff filed a complaint in Assumpsit in the Common Pleas Court of Allegheny County, Pennsylvania, alleging that the defendant Union had breached an alleged oral employment agreement entered into over the telephone on November 17, 1974. On May 16, 1975, the defendant Union filed a petition for removal to the United States District Court for the Middle District of Pennsylvania and on June 20, 1975, Chief Judge Sheridan ordered this action transferred to the Western District of Pennsylvania.

The plaintiff alleges that he was offered the position of Executive Director of the defendant Union, accepted it, and was wrongfully discharged after he had voluntarily terminated his previous position.

The defendant Union petitioned for removal alleging that (1) it represents for purposes of collective bargaining, certain employees who are employed by the Commonwealth of Pennsylvania in activities affecting commerce within the meaning of 29 U.S.C. § 152(7); (2) this action arises as a result of the plaintiff's interpretation of both the defendant Union's constitution and contract with the Commonwealth; and (3) the District Courts of the United States have original jurisdiction pursuant to § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185.

The defendant argues that I have jurisdiction to hear this case after removing it from the Common Pleas Court. However, just because a labor union is involved as a party does not necessarily invoke § 301(a) jurisdiction.[1] The defendant Union is not representing its members in this action but rather representing itself as an individual unit which entered into an agreement with another individual for that person's own employment purposes. The alleged agreement entered into certainly did not have any effect upon the defendant Union's members or upon an industry, if in fact there is one. To analogize this situation, if a local merchant had an annual contract with a union to supply its stationery and the union breached the agreement by wrongfully using another supplier, would the federal courts have jurisdiction to hear a breach of contract action under § 301? I think not.

First, Judge Sirica recently held in *1199 D.C. National Union of Hospital and Health Care Employees v. National Union of Hospital and Health Care Employees*, 394 F.Supp. 189 (D.C.D.C.1975) that:

"Although the Supreme Court has not spoken definitely on the subject, the Courts of Appeals have, and the weight of case law holds that the constitution of a union is not a 'contract'

---

1. "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

within the purview of the statute in an intra-union dispute unrelated to a collective bargaining agreement or to union affairs having no connection with industrial and economic peace. *Smith v. United Mine Workers of America,* 493 F.2d 1241 (10th Cir. 1974); *Hotel and Restaurant Employees Local 400 v. Svacek,* 431 F.2d 705 (9th Cir. 1970); *Parks v. International Brotherhood of Electrical Workers,* 314 F.2d 886 (4th Cir.) cert. denied 372 U.S. 976, 83 S.Ct. 1111, 10 L.Ed.2d 142 (1963)." (at page 191).

Second, what must be emphasized in any jurisdictional labor dispute is that it has some "connection with industrial and economic peace" as the Congress intended in its passage of the Labor Management Relations Act of 1947.

It is obvious that, here, no connection is constructible. There is no collective bargaining agreement here; neither is the plaintiff claiming that the defendant Union is not representing his rights before an employer. What is before me now is an individual dispute between two parties as to the validity of an alleged oral employment agreement between them. Certainly members of the defendant Union will not be adversely affected in the realm of employer-employee relations by the result of an adjudication here, or elsewhere.

Referring to a case involving the merging of local unions by the International where it was held that union constitutions are not "contracts" within the meaning of § 301, Judge Sirica held in *1199 DC National Union et al, supra,* that:

"The reasoning of this decision was sound, based on the conclusion that it was not the intent of Congress for the courts to use the Labor Management Relations Act to police intra-union disputes. *Hotel and Restaurant Employees Local 400 v. Svacek,* 431 F.2d at 706 (4th Cir. 1970).

Since this case does not deal with a collective bargaining agreement or a dispute which would have traumatic industrial and economic repercussions, such as with the revocation of a charter. (See *Parks v. International Brotherhood of Electrical Workers,* supra), this Court does not have jurisdiction over this case under Section 301." (at page 191).

The defendant Union argues that a collective bargaining agreement will enter into the disposition of this dispute. The plaintiff alleges only that the union personnel employment contract is in issue and makes no reference to the collective bargaining agreement with the Commonwealth of Pennsylvania. It is noticeable that the plaintiff does not allege that he is a member of the Union. As the pleadings stand, no federal statute is involved and calls for no determination which would have a nexus with the rights of the Union's members.

Accordingly, the plaintiff's motion to remand will be granted.