**LOCAL UNION NO. 657, OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA OF SHEBOYGAN COUNTY, an unincorporated labor organization, Plaintiff,**

v.

**William SIDELL et al., Defendants.**

No. 76–C–39.

United States District Court, E. D. Wisconsin.

June 11, 1976.

Rabinovitz & Sonnenburg by David Rabinovitz, Sheboygan, Wis., for plaintiff.

Goldberg, Previant & Uelmen by Gerry M. Miller, Milwaukee, Wis., for defendants; Robert J. Pleasure, Washington, D. C., of counsel.

DECISION AND ORDER

MYRON L. GORDON, District Judge.

There are two motions before the court. The plaintiff seeks a preliminary injunction, and the defendants have moved for summa-

ry judgment. The action is one in which the plaintiff asks for a permanent injunction barring the international union from enforcing a directive which requires the plaintiff to become affiliated with the Fox River Valley district council. In my opinion, the defendants' motion for summary judgment should be granted, and the plaintiff's application for a preliminary injunction should be denied.

The defendants' motion for summary judgment is based on the defendants' contention that this court is devoid of subject matter jurisdiction. The complaint asserts in paragraph 6 thereof that

"That jurisdiction exists in this Court as between said labor organizations without respect to the amount in the controversy or without regard to the citizenship of the parties as provided by and in pursuance to Title III, Section 301(a) of the Labor Management Act and Title 29, Section 185(a) of the United States Code Annotated."

There are no issues of fact surrounding the question of subject matter jurisdiction. The facts giving rise to the law suit as set forth in the complaint are not basically denied by the answer. All the subsequent submissions by both parties make it clear that the meaningful circumstances surrounding this dispute are not in issue.

It is true that the parties have significant conflicts regarding the wisdom of the international union's decision to require the plaintiff local union to affiliate with the district council. Nevertheless, the reasons for such determination by the international union and its impact upon the local union are amply delineated in the record now before this court. While the local union challenges the legal right of the international union to make its affiliation directive, it is clear that the directive was made pursuant to the constitution of the international union. Section 6A of the international union's constitution provides as follows:

"The United Brotherhood is empowered, upon agreement of the Local Unions and Councils directly affected, or in the dis-cretion of the General President subject to appeal to the General Executive Board, where the General President finds that it is in the best interests of the United Brotherhood and its members, locally or at large, to establish or dissolve any Local Union or Council, to merge or consolidate Local Unions or Councils, to establish or alter the trade or geographical jurisdiction of any Local Union or Council, to form Councils and to permit, prohibit or require the affiliation with or disaffiliation from any Council by any Local Union, . . ."

The court must determine whether it has subject matter jurisdiction under § 301(a) of the Labor Management Relations Act of 1947. While the facts surrounding the applicability of that statute are not in dispute, the legal applicability of the statute is sharply in issue. In my opinion, the latter issue is ripe for resolution; no evidentiary hearing is needed to clarify the circumstances of the dispute.

The defendants interpret the action at bar to be one wherein the court is asked to intrude upon an internal dispute between an affiliated local union and its parent international union. The plaintiffs, on the other hand, treat the dispute as one involving a contract between labor organizations and as one presenting a dispute which will adversely affect labor peace.

In their briefs, both sides recognize that there is a division of authority on the jurisdictional question. For example *Abrams v. Carrier Corporation*, 434 F.2d 1234, 1248 (2d Cir. 1970), found section 301 jurisdiction in a dispute between a local union and its international under the latter's constitution. On the other hand, see *Smith v. United Mine Workers*, 493 F.2d 1241 (10th Cir. 1974), and *Hotel & Restaurant Employees Local 400 v. Svacek*, 431 F.2d 705 (9th Cir. 1970).

It is my belief that the issue presented in the case at bar would require the court to intervene in the internal affairs of the unions. Faced with a division of authority between the circuits and without the benefit of a clear-cut ruling by the court of

appeals for the seventh circuit, I will not treat this as presenting a section 301 claim over which this court has jurisdiction. The case presents issues of intra-union autonomy rather than a significant threat to industrial peace. See 1199 DC, *National Union of Hospital, etc. Employees v. National Union of Hospital, etc. Employees*, 175 U.S. App.D.C. ——, 533 F.2d 1205, 91 LRRM 2817.

Having concluded that the court is devoid of subject matter jurisdiction, it follows that the defendants' motion for summary judgment must be granted. It also follows that the plaintiff's application for a preliminary injunction may not be granted.

Therefore, IT IS ORDERED that the defendants' motion for summary judgment be and hereby is granted.

IT IS ALSO ORDERED that the plaintiff's motion for a preliminary injunction be and hereby is denied.

IT IS FURTHER ORDERED that the plaintiff's action be and hereby is dismissed.