James WASHINGTON, Appellant,

v.

LABORER'S INTERNATIONAL UNION OF NORTH AMERICA, Appellee.

No. 84–2225.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1985.

Decided June 28, 1985.

John M. Lilla, Jackson & Bailey, Kansas City, Mo., for appellant.

Theodore Green, and Sachs, Washington, D.C., Albert J. Yonke and M.C. Newbold, Yonke, Shackelford & Arnold, Kansas City, Mo., for appellee Laborers' Int'l Union.

Before HEANEY and BOWMAN, Circuit Judges, and WANGELIN,* Senior District Judge.

PER CURIAM.

Appellant Washington commenced this suit in the District Court [1] seeking damages from appellee Laborers' International Union of North America (Union). Washington had been business manager of Local 555 of the Union until July 16, 1981, when the Union removed Washington and all other officers of Local 555 from their positions by placing Local 555 into trusteeship pursuant to Article IX, Section 7 of its constitution, which provides in part that:

> When the General President finds, in his opinion, that action by him is necessary for the purpose of correcting corruption or financial malpractice, assuring the performance of collective bargaining agreements or other duties of a bargaining representative, restoring democractic procedures or otherwise carrying out the legitimate objects of such subordinate body or the International Union, or to protect the organization as an institution, he may file charges against any officer or member with the General Secretary-Treasurer for hearing before the General Executive Board, or appoint a temporary trustee or supervisor to take charge and control of the affairs of such subordinate body.... During the period of trusteeship, all the officers of the subordinate body are relieved of their particular trust.

Washington did not allege that the Union placed Local 555 into trusteeship in bad faith, but only that he should not have been dismissed from his position because he had nothing to do with the financial problems of Local 555. The District Court granted summary judgment for the Union. We affirm.

■ Washington essentially makes two arguments in support of his appeal. First, he contends that a clause of the constitution of Local 555 which provides that a Union member is entitled "[t]o be a candidate for and hold office or position in the Local Union" grants him the right to serve his entire three-year term unless the Union specifically removes him on the basis of his own misconduct. The Union answers that Article IX, Section 7 of its constitution automatically provides for removal of all officers of a local whenever a trusteeship is imposed and that the local constitution does not abridge that provision. We believe

---

\* The Honorable H. Kenneth Wangelin, Senior District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

1. The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

that the Union's interpretation of its constitution is a reasonable one, and thus we will not substitute our judgment for that of the Union as to the meaning of its constitution. *See Vestal v. Hoffa,* 451 F.2d 706, 709 (6th Cir.1971), *cert. denied,* 406 U.S. 934, 92 S.Ct. 1768, 32 L.Ed.2d 135 (1972).

■ Washington's second argument concerns a form letter sent to him by the trustee appointed by the Union to run Local 555 that included an offer to permit any person aggrieved by the imposition of the trusteeship to appeal to the General Executive Board and be granted a hearing on his appeal. Washington appealed but never was granted a hearing. The Union has provided no reason for failing to grant Washington a hearing. The issue before us, however, is only whether the trustee's letter modified in any way Article IX, Section 7 of the Union's constitution. We conclude that it did not.

We have considered Washington's other arguments and have found them to be without merit. The judgment of the District Court is affirmed.