493 F.2d 93
 85 L.R.R.M. (BNA) 2933, 73 Lab.Cas. P 14,404
 LOCAL UNION 1219, UNITED BROTHERHOOD OF CARPENTERS AND
JOINERS OF AMERICA, etc., Plaintiff, Appellant in
73-1329, Plaintiff, Appellee in 73-1348.
v.
UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA,
Defendant, Appellee in 73-1329, Defendant,
Appellant in 73-1348.
 Nos. 73-1329, 73-1348.
 United States Court of Appeals, First Circuit.
 Argued Jan. 4, 1974.
Decided March 20, 1974.
 
 G. Curtis Webber, Auburn, Me., with whom Linnell, Choate & Webber, Auburn, Me., was on brief, for Local Union 1219, United Brotherhood of Carpenters and Joiners of America, etc.
 Errol K. Paine, Bangor, Me., with whom Paine, Lynch, Weatherbee & Kobritz, Bangor, Me., and Robert J. Pleasure, Washington, D.C., were on brief, for United Brotherhood of Carpenters and Joiners of America.
 Before ALDRICH, McENTEE and CAMPBELL, Circuit Judges.
 ALDRICH, Senior Circuit Judge.
 
 
 1
 Defendant, United Brotherhood of Carpenters and Joiners of America, a large international union (hereinafter International) with five territorially distinct locals in Maine (hereinafter the carpenter locals), granted plaintiff local (hereinafter Local 1219) a charter on June 15, 1966. The charter gave Local 1219 jurisdiction to represent millwrights in Maine, a jurisdiction which had previously been exercised by the carpenter locals. The carpenter locals objected to the new local and the threat that it posed to their jurisdiction over millwrights. They subsequently refused to obey directions by International to cease bargaining for millwrights on new contracts with intrastate employers. International's General President did not impose any sanctions on the carpenter locals for their disobedience, and he refused to provide interstate contractors working in Maine with necessary authorization that they could hire millwrights through Local 1219 rather than through the carpenter locals. Local 1219, as a consequence, has been unable to place its members in jobs and has lost much of its membership.
 
 
 2
 Local 1219 brought this action, after appealing the failure of the General President to accede to its demands to International's General Executive Board without avail, seeking injunctive relief and damages for the alleged failure of International to support Local 1219 adequately in the jurisdictional dispute with the carpenter locals, and for failing to authorize employers to hire through it rather than through them. The district court, finding no contractual undertaking by International to provide such support, denied relief. Local 1219 appeals, and International cross appeals claiming the district court lacked jurisdiction.
 
 Jurisdictional Issues
 
 3
 Defendant attacks the district court's jurisdiction on essentially three grounds: improper service of process, failure of plaintiff to exhaust intra-union remedies, and lack of subject matter jurisdiction under section 301(a) of the Labor Management Relations Act, 29 U.S.C. 185(a).
 
 
 4
 With respect to improper service, defendant concedes personal jurisdiction in the doing business sense, but contends that since the only service was made on its agents outside the territorial jurisdiction of the court under Fed.R.Civ.P. 4(f), the Maine long arm statute. 14 Me.Rev.Stat.Ann. 704, taken with McGreary v. Chandler, 58 Me. 537 (1870), would authorize such process only as a matter solely of state law if it were served on each individual member of the union personally. This argument is without merit. Section 301(b), 29 U.S.C. 185(b), states that unions may be sued as entities, and subsection (d) states that the service of process on an officer or agent of the union, in his capacity as such shall constitute service upon the union. F.R.Civ.P. 4(d)(7) provides that service on unincorporated associations, inter alia, may be made 'in the manner prescribed by the law of the state in which the district court is held for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state.' Section 704 provides as follows. 'Service of process upon any person who is subject to the jurisdiction of the courts of this State, as provided in this section, may be made by personally serving the summons upon the defendant outside this State . . ..' Since under the federal statute International must be considered an entity for the purposes of this suit, it, and not its individual members, is the defendant in this case. The federal statute also provides that service on defendant's agent shall constitute service on the defendant, and such service is not limited to 'federal court' service but includes the process of 'any court of the United States.' Since personal service was made on defendant's agent, it would be against the clear meaning of the federal statute to hold that this personal service on the defendant's agent did not constitute 'personal service on the defendant' under the Maine long arm statute.
 
 
 5
 Defendant's exhaustion argument was squarely answered by the district court in its finding of unreasonable delay if an appeal to International's General Convention in 1974 were required, since plaintiff's appeal to the General Executive Board was decided in 1970, too late for the 1970 convention. In the circumstances of this case, a finding that a delay in excess of three years would be unreasonable was clearly not erroneous, and further exhaustion need not have been required.
 
 
 6
 Defendant argues that the instant dispute, involving as it does an alleged contract between a parent international union and its local, is not a suit for violation of a contract between any labor organizations, within the subject matter of 29 U.S.C. 185. Defendant concedes that the relationship between a parent union and its local is contractual in nature, but it argues that this is not the type of contract between two unions, see Copra v. Suro, 1 Cir., 1956, 236 F.2d 107, 113, to which the statute is intended to apply. Although Congress did indicate some reluctance to 'effect extensive and detailed statutory regulation of internal union affairs,' Parks v. International Bhd. of Elec. Workers, 4 Cir., 1963, 314 F.2d 886, 915, 915-916 n. 49, cert. denied 372 U.S. 976, 83 S.Ct. 1111, 10 L.Ed.2d 142, it is clear that the local and International are each suable entities under the act. When two such entities' relationship is a matter of contract, and that contract directly concerns the representation of workers in collective bargaining, there is no reason to assume that Congress did not intend the statute to apply simply because the two parties to the contract are related. Furthermore, this suit is on a contract and is not intended to enforce internal customs and practices of the unions which have not been reduced to a contract; exercising jurisdiction here will not involve the courts in regulating internal union matters which Congress did not intend to control. In such circumstances there is no reason in this case to depart from the literal meaning of the statute. See National Ass'n of Letter Carriers v. Sombrotto, 2 Cir., 1971, 449 F.2d 915, 918; Parks v. International Bhd. of Elec. Workers, ante.
 
 
 7
 Defendant also alleges in a similar vein that Count II of the complaint is in reality a class action by individual members of the local, and as such is not a 'suit between unions' over which section 301 jurisdiction lies. See Copra v. Suro, ante, 236 F.2d at 113. Section 301(b), 29 U.S.C. 185(b), states that 'any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents.' In view of the fact that Count II appears to be such a suit 'in behalf of' Local 1219's members, and is based completely on the same contractual claim alleged in Count I, there is no reason to so limit the court's jurisdiction. Furthermore, that same subsection, while prohibiting recovery against individual members in such a representative action, is silent as to recovery by individual members. It would appear that recovery by individual members for their damages, obtained by Local 1219 in an action for their benefit based upon a contract between it and International, and International's breach thereof, would be within the scope of the statute.
 
 Substantive Issues
 
 8
 At the outset, plaintiff urges that this court need not apply the 'clearly erroneous' test of F.R.Civ.P. 52(a) since the evidence in this case was largely documentary and 'facts found from the oral testimony were not in dispute.' Even if we were to accept plaintiff's proposition that the findings based upon oral evidence were not contested, in this circuit 'the clearly erroneous rule is applicable even where . . . a finding is based on documentary evidence or undisputed facts.' Engine Specialties, Inc. v. Bombardier Ltd., 1 Cir., 1972, 454 F.2d 527, 530; Leach v. Crucible Center Co., 1 Cir., 1968,388 F.2d 176, 179.
 
 
 9
 (The balance of this opinion, being but a discussion of the evidence, reaching the conclusion that the district court's findings against the plaintiff as to the extent of the contractual obligation were not clearly erroneous, is disseminated to the parties, but not released for publication.)
 
 
 10
 Affirmed.