1199 DC, NATIONAL UNION OF HOSPITAL AND HEALTH CARE EMPLOYEES, and Retail Wholesale and Department Store Union, AFL–CIO, Washington, D. C., et al., Appellants,

v.

NATIONAL UNION OF HOSPITAL AND HEALTH CARE EMPLOYEES, Appellee.

No. 75–1707.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 15, 1976.

Decided March 22, 1976.

---

Norman L. Blumenfeld, Washington, D. C., for appellants.

Harry Weinstock, New York City, with whom Jerome Tauber, New York City, and Bernard W. Rubenstein, Baltimore, Md., were on the brief, for appellee.

Before McGOWAN and WILKEY, Circuit Judges and ALBERT V. BRYAN, Jr.,* United States District Judge for the Eastern District of Virginia.

Opinion for the Court filed by District Judge BRYAN.

BRYAN, District Judge:

This is an appeal from the district court's dismissal of the complaint for lack of jurisdiction over the subject matter. F.R.Civ.P. 12(b)(1).

As we must in considering the case in this posture, we look to the allegations of the complaint for a description of the parties as well as the complaint's sufficiency for jurisdictional purposes. The complaint reveals that the plaintiffs are the 1199 DC, National Union of Hospital and Health Care Employees, Retail Wholesale and Department Store Union, AFL–CIO, Washington, D.C. (hereafter 1199 DC) and individual members thereof. 1199 DC is a subordinate and affiliate of the defendant National Union of Hospital and Health Care Employees (hereafter NUHHCE). The individual plaintiffs are also members of the defendant.

The complaint sets forth a history of the parties' movements leading up to the filing of the action in the district court as follows:

The individual plaintiffs are clerical employees and nurses at various hospitals within the District of Columbia. Plaintiff 1199 DC is an association consisting of members-at-large of the defendant. The defendant is a national labor organization with headquarters in New York City. 1199 DC, since 1970, has been organizing collective bargaining units at hospitals, nursing homes and health centers within the District of Columbia. On February 1, 1975, it represented approximately 650 employees, all of whom are members-at-large of the defendant NUHHCE.

District 1199 $E$ is also a subordinate and affiliate of NUHHCE, operating out of Baltimore, Maryland. On July 20, 1974, the members of 1199 DC were notified by NUHHCE that 1199 DC was merged into and made a part of 1199 E. It is alleged that the merger was effected in violation of NUHHCE's constitution; that 1199 DC and its members have objected to the merger to no avail; and that the members of 1199 DC were not allowed to vote on the merger or permitted to object to it.

It is further alleged that since the merger NUHHCE has wrongfully instructed officials of 1199 E to take charge of the operation of 1199 DC and has acted improperly, violating the rights of the plaintiffs.

The complaint is in five counts; however, the allegations are divided into two basic categories. First are allegations of violations of Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a) (hereafter LMRA). These are as follows:

(1) The defendant merged the Washington plaintiffs into the Baltimore district in violation of the union constitution; and

(2) The defendant violated collective bargaining agreements by not processing medical claims, prosecuting grievances, or issuing medical forms.

* Sitting by designation pursuant to Title 28, U.S. Code Section 292(d).

The second category consists of allegations that the defendant has violated the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 411–412 (hereafter LMRDA), which has legislatively been given the title "Bill of Rights of Members of Labor Organizations." These allegations are as follows:

(1) The defendant merged the Washington plaintiffs into the Baltimore district in a manner which was intended to deny the plaintiffs' federally protected rights and which was derived from an unreasonable interpretation of the union constitution;

(2) The defendant prevented the plaintiffs from attending membership meetings;

(3) The defendant "curtailed" the plaintiffs from voting at union meetings;

(4) The defendant prevented the plaintiffs from meeting together to discuss union business; and

(5) The defendant dissuaded the plaintiffs from retaining an attorney to advise them of their rights under appropriate federal law.

The complaint seeks injunctive relief and a declaration that the acts of the defendant were improper and that those of the plaintiffs were proper.

Viewing the case as essentially one for breach of contract pursuant to § 301(a) of the LMRA, the district court held that the NUHHCE constitution, allegedly violated, was not a contract within that section; that Congress did not intend that the LMRA be used to police intra-union disputes; and that because the case did not involve collective bargaining agreements or a dispute which would have traumatic industrial and economic repercussions, there was no jurisdiction under § 301(a).

Insofar as the LMRDA was concerned, the district court considered only the allegation that the plaintiffs were denied the right to vote on a substantial organizational change; i. e., the transfer of memberships. Relying in part upon an affidavit submitted by the defendant, the court found fair and reasonable the provisions of the constitution which gave the Executive Board of NUHHCE authority to determine whether a district is to be created for members-at-large in a given area and authority to transfer those members-at-large to the nearest union district. The court concluded that consequently no jurisdiction existed under the LMRDA.

The allegations of post-merger improprieties on the part of the defendant were not considered independently, the district court stating:

> The other contractual violations alleged by the plaintiffs appear to stem from or result from this merger. 394 F.Supp. 189, 191.

## SECTION 301(a), LMRA

As mentioned before, there are basically two allegations by which plaintiffs seek to invoke the jurisdiction of the court under § 301(a). The first of these deals with the constitution of NUHHCE. The district court, in dismissing the § 301(a) aspect of the case, based its decision on a conclusion that the constitution of NUHHCE was not a contract within the meaning of § 301(a). The court found support for its holding in two circuits. *Smith v. United Mineworkers of America*, 493 F.2d 1241 (10th Cir. 1974); *Hotel & Restaurant Employees Local 400 v. Svacek*, 431 F.2d 705 (9th Cir. 1970). Two circuits have reached the opposite result in holding that a union constitution *is* a contract under § 301(a). *Local Union 1219, etc. v. United Brotherhood of Carpenters and Joiners*, 493 F.2d 93 (1st Cir. 1974); *Parks v. Brotherhood of Electrical Workers*, 314 F.2d 886 (4th Cir. 1963).

We need not face the issue whether a union constitution is a § 301(a) contract in this case, however. A factual prerequisite, found in both *Local 1219* and *Parks*, is not alleged in this matter. In *Local 1219*, the local union of millworkers sued its international for failing to enforce the local's previously-granted charter. Other locals were continuing to represent the same millworkers designated for Local 1219. As a result, building contractors were put in the position of not knowing which local properly

represented the millworkers in contract negotiations.

In *Parks*, the local union sued its international for having revoked the local's charter and chartered another local in place of the plaintiff local, which had engaged in an unauthorized strike. Although the court was sensitive to the limited role of federal courts in using the Taft-Hartley Act as a basis for intervening in the internal affairs of unions, it thought jurisdiction appropriate over contractual disputes between a local and international union over the meaning of a union constitution when the dispute has "traumatic industrial and economic repercussions." 314 F.2d at 916. And the court had no doubt that such repercussions were present in that case.

In the case at hand, not only was there no local charter, but more importantly, there was no allegation that any employer was confronted with the dilemma of choosing between competing factions of the same union. Unlike *Local 1219* and *Parks*, then, there were no concrete allegations of actual threats to industrial peace.[1] Furthermore, at oral argument before this court the plaintiffs offered no suggestion that employers were forced to make untenable choices concerning union representation. Therefore, the allegations concerning the union constitution reveal only an intra-union conflict.

Without this factual prerequisite being alleged, we do not meet the issue whether the union constitution is a contract, and we affirm the dismissal of these § 301(a) allegations.

■ The allegation that the defendant violated collective bargaining agreements by its actions stands on a different footing under § 301(a) than the other allegations. The court in *Buzzard v. Local Lodge 1040 Int. Ass'n of Mach. and Aerospace Workers*, 480 F.2d 35 (9th Cir. 1973), to support its holding that a union violation of a collective bargaining agreement supported § 301 jurisdiction, said:

Section 301 also will support a suit by a union member against his union seeking redress from union interference with rights conferred on employees by employer promises in the collective bargaining agreement provided that such interference constituted a breach of the duty of fair representation. *Humphrey v. Moore*, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964); *see also Ford Motor Co. v. Huffman*, 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048 (1953); *Falsetti v. Local 2026, U.M.W.*, 355 F.2d 658 (3rd Cir. 1966).

Fair representation is a statutory duty of the union to represent fairly all its members, both in the conduct of collective bargaining and in the enforcement of the resulting collective bargaining agreement. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Humphrey v. Moore, supra*. *See also, Motor Coach Employees v. Lockridge*, 403 U.S. 274, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971). As the Supreme Court stated in *Vaca v. Sipes, supra*:

"Under this doctrine, the [union's] statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Id.*, 386 U.S. at 177, 87 S.Ct. at 910.

*Id.* at 40.

Following that reasoning, the allegation that the union violated collective bargaining agreements by improperly failing to process medical claims, prosecute grievances and issue medical forms constitutes an allegation of a violation of the duty of fair representation. Such an allegation is sufficient to withstand a motion to dismiss under F.R.Civ.P. 12(b)(1) and (6).

### LMRDA

■ The only LMRDA claim which the district court discussed was the denial of

---

1. The complaint does allege that the attempted merger "affected industrial peace." However,

this statement is a bald conclusion unsupported by any factual allegation to give it substance.

the plaintiffs' right to vote on substantial organizational changes. Apart from an alleged right under the NUHHCE constitution, discussed above, the plaintiffs claim a federal right under § 101 of LMRDA's Bill of Rights, 29 U.S.C. § 411(a)(1):

> *Equal rights.*—Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws.

Focusing on the concluding proviso, the district court found the NUHHCE's constitution, as applied to the transfer of 1199 DC's members-at-large, was not unreasonable. Therefore, the district court dismissed the complaint. We think that applying a reasonableness standard to an allegation at such an early stage of the litigation was inappropriate. Although summary disposition probably is appropriate on this issue, it should occur only after all parties have submitted affidavits. Then, of course, consideration under F.R.Civ.P. 56 would be in order. Simply stated, an analysis of the reasonableness of a union constitution or its interpretation is premature when the district court is faced with a motion to dismiss for lack of subject-matter jurisdiction.

■ The district court did not confront the allegations of post-merger LMRDA violations; i. e., that the plaintiffs were prevented from attending meetings, voting and convening on their own. The district court concluded that these actions were only an outgrowth of the merger. This may well prove to be the case; however, we do not think the allegations may be dismissed on a Rule 12(b) motion. The sufficiency of the post-merger allegations must be considered without regard to the legality of the merger. The relevant provision of § 101 of the LMRDA, 29 U.S.C. § 411(a)(2), reads as follows:

> *Freedom of speech and assembly.*—Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings: *Provided,* That nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations.

Viewed from the four corners of the complaint, these three allegations concerning associational rights lie squarely within the subject matter of LMRDA. Consequently, they are within the jurisdiction of the district court, 29 U.S.C. § 412.

■ The fifth allegation—that NUHHCE dissuaded plaintiffs from learning of their rights from counsel—does not fall so obviously under LMRDA. However, because plaintiffs may be able to prove facts of coercion or intimidation which would constitute a violation of a federal right, this portion of the complaint is also sufficient to withstand a motion to dismiss.

We reverse that part of the district court's judgment which dismissed for lack of subject-matter jurisdiction under the LMRDA and which dismissed the allegation of violation of the duty of fair representation under § 301(a) of the LMRDA, and remand the case for further proceedings with regard to those allegations.

*Affirmed in part, Reversed in part, and remanded.*