**LOCAL 323, Sam Augello, President of Local 323, Bernard Scoppo, Shop Chairman of Local 323, Richard Roth, Treasurer of Local 323, Toni Felton, Secretary of Local 323, Ken Wilson, Executive Board Member of Local 323, Jerry Hochreiter, Executive Board Member of Local 323, Clifford Ball, Executive Board Member of Local 323, John Cooley, Executive Board Member of Local 323, Fred Ciccoline, Executive Board Member of Local 323, Plaintiffs,**

v.

**INTERNATIONAL UNION OF ELECTRONIC, ELECTRICAL, SALARIED, MACHINE AND FURNITURE WORKERS, AFL—CIO, Defendant.**

No. 00CV6451T.

United States District Court, W.D. New York.

July 12, 2001.

502

Michael T. Harren, Chamberlain, D'Amand, Oppenheimer & Greenfield, Rochester, NY, for plaintiffs.

Thomas M. Murray, Kennedy, Schwartz & Cure, PC, New York City, for defendant.

## DECISION and ORDER

TELESCA, District Judge.

### INTRODUCTION

Plaintiffs Local 323, and various Officers and Board Members of Local 323 bring this action against defendant International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers, AFL–CIO, ("IUE"), pursuant to the Labor–Management Relations Act of 1947 ("LMRA") and the Labor Management Reporting and Disclosure Act ("LMRDA"), claiming that the defendant has unlawfully denied Local 323 the right to disaffiliate from the IUE. Specifically, plaintiffs allege that the defendant unlawfully amended its constitution to prevent local unions from freely disaffiliating from the IUE, and violated the IUE constitution by denying Local 323's application to disaffiliate from the IUE. Plaintiffs further allege that because the amended constitution materially changed the relationship between the IUE and Local 323, plaintiffs may rescind its relationship with the IUE. Plaintiffs seek a declaration from this court enforcing the decision of Local 323 to disaffiliate from the IUE, declaring that all assets of Local 323 shall remain the property of Local 323, permanently restraining the IUE from interfering with Local 323, and awarding damages to Local 323 equal to the amount of dues paid to the IUE after September 27, 1999 together with attorneys fees and costs.

Defendant denies plaintiffs' allegations, and moves to dismiss the Complaint on grounds that: (1) plaintiffs failed to exhaust their remedies within the Union, and thus are barred from filing suit in federal court; (2) the Complaint fails to state a claim for breach of the union's constitution because plaintiffs have failed to allege facts from which a trier of fact could conclude that defendant acted in bad faith in denying plaintiffs' application for disaffiliation; (3) defendant properly amended its constitution, and therefore plaintiffs may not unilaterally rescind its relationship with the IUE; (4) plaintiffs' claims are barred by the doctrine of laches; and (5) plaintiffs lack standing to raise certain claims alleged in the Complaint.

For the reasons set forth below, I find that plaintiffs were required to first exhaust their claims pursuant to the IUE appeal process, and that defendant has established-on the face of the Complaint—that the plaintiffs have failed to exhaust their intra-union remedies. Because defendants have established the merits of their affirmative defense based on plaintiffs' failure to exhaust, I grant defendant's motion to dismiss, and dismiss plaintiffs' Complaint with prejudice.

### BACKGROUND

Plaintiff Local 323 is a local union consisting of about 155 members, all of whom are employed by Alstom Signaling. Local 323 has been affiliated with the defendant IUE since March 21, 1951, when it was organized as a subordinate labor organization of the IUE. The IUE was founded in 1949, at which time it adopted the constitution that, as amended, has governed the relationship between the IUE and Local 323.

In April 1999, the IUE proposed an amendment to its constitution to change the way a local union could disaffiliate from the IUE. Under the proposed amendment, either the Executive Board of the IUE or the International Convention would have to approve any application for disaffiliation by a local union. Local member-unions of the IUE approved the proposed amendment in May, 1999.

Four months later, in September 1999, Local 323 union member John Vogt presented a proposal to the Local Executive Board urging that the local union disaffiliate from the IUE. The proposal was accompanied by a petition signed by more than 94 of the local union members who supported disaffiliating from the IUE. The proposal was eventually adopted by a 40 to 2 vote of the general membership.

On October 18, 1999, Local 323 petitioned the IUE to disaffiliate. While Local 323 reserved what it believed was its right to unilaterally disaffiliate, it attempted to follow the newly amended IUE constitution by seeking permission from the IUE Executive Board to disaffiliate. Local 323 continued, and continues to meet all of its dues obligations to the IUE despite filing its application to disaffiliate.

On November 17, 1999, the Executive Board of the IUE voted to conduct an investigation concerning the request to disaffiliate, and appointed two officers to chair a Committee charged with making such an inquiry. Local 323 objected to the nature of the inquiry on grounds that the Committee was not operating under any set of guidelines, and no criteria had been established for making the determination as to whether or not Local 323's application should be granted. Local 323 also contends that during the investigation period, the IUE engaged in a counter-campaign to undermine the disaffiliation attempt. The Committee held a hearing on March 22, 2000, at which members of Local 323 and other local IUE-affiliated unions were allowed to express their opinions as to the proposed disaffiliation. Members who were unable to attend the hearing were allowed to submit written statements.

On April 24, 2000, IUE President Edward Fire ("Fire") informed the members of Local 323 that the Committee had recommended that the Local not be allowed to disaffiliate, and that the Executive Board had voted unanimously against disaffiliation. Fire cited the following reasons for denying Local 323's application: (1) disaffiliation would reduce the bargaining strength of the Local; (2) the complaints by local union members against the IUE were vague and unsubstantiated; (3) local union members would not have access to IUE sponsored strike benefits including medical protection; (4) retired union-members' benefits could be placed in jeopardy; (5) disaffiliation would have a negative impact on other IUE-affiliated unions in the Rochester area; (6) local members would lose their right to utilize the IUE grievance system; and (7) the factors which had existed in prior circumstances in which the IUE allowed member unions to disaffiliate were not present in the current situation. On April 25, 2000, Fire, in a letter to Local 323 President Sam Augello, ("Augello"), informed Augello of his decision, and further advised Augello that Local 323 may appeal that decision to the International Convention, scheduled to commence on September 21, 2000.

Rather than appeal the Executive Board's decision to the International Convention, Local 323 filed the instant suit on September 11, 2000.

## DISCUSSION

### I. *Legal Standard for determining a Motion to Dismiss*

Defendant moves pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules

of Civil Procedure to dismiss plaintiffs' complaint on grounds that this court lacks subject matter jurisdiction over plaintiffs' claims, and that as a matter of law, plaintiff has failed to state a claim upon which relief can be granted.

When considering a motion to dismiss pursuant to Rule 12(b)(1), of the Federal Rules of Civil Procedure, the court must determine whether or not it has subject matter jurisdiction over the issues pending before the court. Unlike a motion made pursuant to Rule 12(b)(6), a court when considering a motion made pursuant to Rule 12(b)(1) may consider evidence outside the pleadings. *Kamen v. A.T. & T.,* 791 F.2d 1006, 1011 (2nd Cir.1986). And while the burden of proving jurisdiction rests with the party asserting it, where, as in this case, the court relies solely on the pleadings and supporting affidavits, the party asserting jurisdiction need only make a prima facie showing that the court has jurisdiction over the matter. *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 507 (2nd Cir.1994).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of the complaint where the plaintiff has failed to state a claim upon which relief can be granted. When evaluating a Rule 12(b)(6) motion, the court must ascertain, after presuming all factual allegations in the pleading to be true and viewing them in the light most favorable to the plaintiff, whether or not the plaintiff has stated any valid ground for relief. *Ferran v. Town of Nassau,* 11 F.3d 21, 22 (2d Cir.1993), *cert. denied,* 513 U.S. 1014, 115 S.Ct. 572, 130 L.Ed.2d 489 (1994). The court may grant a Rule 12(b)(6) motion only where " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Allen v. WestPoint–Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir.1991) (quoting *Conley v. Gibson,*

355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

II. *Plaintiffs are precluded from proceeding in federal court because they have failed to exhaust their administrative remedies.*

A. *Breach of Contract*

Plaintiffs' first cause of action alleges a breach of contract by the IUE in connection with its decision denying Local 323's application to disaffiliate from the IUE. Specifically, Local 323 alleges that the IUE constitution constitutes a contract between the IUE and Local 323. Local 323 contends that inherent in that contract is an implied covenant of good faith and fair dealing with respect to the IUE's review of Local 323's application to disaffiliate. Plaintiffs contend that the IUE breached this duty in denying Local 323's disaffiliation application. Local 323 alleges that the IUE violated its duty by: (1) not following established precedent under which local unions were allowed to disaffiliate; (2) failing to identify the criteria by which the Local's disaffiliation application would be reviewed; (3) denying plaintiffs' application on the basis of a standard that would be impossible for any local union to meet; and (4) denying the application on the basis of facts that were not before the Committee. Plaintiff also alleges that the defendant acted in bad faith by misleading local unions with respect to the affect that the amendment to the constitution would have if approved, and by utilizing an amendment process which precluded informed debate and discussion of the proposed amendment.

Defendants contend that pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Local 323 has failed to state a claim for breach of contract because plaintiffs are precluded from raising this claim in this action because of its

failure to first administratively exhaust this issue within the internal union appeal process. Failure to exhaust administrative remedies is not a jurisdictional bar to hearing plaintiffs' claims, but is an affirmative defense that must be pled and proved by the defendant. *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 n. 2 (2nd Cir.1988) (citing *Johnson v. General Motors*, 641 F.2d 1075, 1079 (2nd Cir.1981)).

■■■■ Whether or not a plaintiff proceeding under the LMRA must exhaust administrative remedies before proceeding in federal court is left to the court's discretion. *Maddalone v. Local 17, United Brotherhood of Carpenters and Joiners of America*, 152 F.3d 178, 186 (2nd Cir.1998). In determining whether or not a plaintiff should be required to exhaust internal union remedies, courts look at three factors: (1) whether union officials are so hostile such that the grievant could not expect a fair hearing of his or her claim; (2) whether or not the union's internal appeals process is adequate to provide the relief sought by the grievant; and (3) whether exhaustion would unreasonably delay the grievant's opportunity to obtain a judicial hearing on his or her claim. *Id.* (citing *Clayton v. International Union, UAW*, 451 U.S. 679, 689, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981)). Courts evaluating the exhaustion requirement are to "balance the right of union members to institute suit against the policy of judicial noninterference in union affairs." *Johnson*, 641 F.2d at 1079.

■■■■ Based on these considerations, I find that Local 323 was required to exhaust its internal union remedies prior to filing suit in federal court alleging breach of contract. The well-established policy of judicial noninterference in union affairs weighs heavily in favor of imposing an exhaustion requirement, given that the dispute between Local 323 and the IUE bears more on intra-union organization and management than it does on the Local's relationship with its employer or the Local's collective bargaining rights. "[A] federal court should be chary of extending the scope of Section 301(a) to comprehend federal court involvement in the control and supervision of purely internal disputes." *Local Union 657 of the United Brotherhood of Carpenters and Joiners of America v. Sidell*, 552 F.2d 1250, 1255 (7th Cir.1977). Because the dispute between the IUE and Local 323 is an internal dispute regarding the ability to disaffiliate from the union, I find that plaintiffs were required to exhaust their administrative remedies-to give the IUE an opportunity to resolve the issue internally-before proceeding with their breach of contract claim in federal court.

■■■■ Moreover, it is clear that under the three-step analysis set forth in *Maddalone*, defendants have established that plaintiffs were required to exhaust their administrative remedies. There is no contention that Local 323 could not expect a fair hearing of their appeal before the International Convention. Additionally, it is apparent on the face of the Complaint that the appeals process available to Local 323 was reasonable and adequate. "A union can demonstrate the reasonableness of its [appeal] procedures by showing that 'Union members have been informed of the availability of internal appellate remedies and that these procedures are not particularly cumbersome or confusing.'" *Maddalone*, 152 F.3d at 187 (citing *Johnson*, 641 F.2d at 1080). There is no dispute that the plaintiffs knew of their right to appeal the IUE's decision to deny the disaffiliation application to the International Convention. When Local 323 undertook to disaffiliate, it recognized that disaffiliation could occur upon "approval of the International Executive Board … *subject to re-*

*view by the International Convention. . . .* " *See* Proposed Amendments to Local 323 by-laws, attached as Exhibit "D" to the Complaint. (emphasis added). Thus it is clear that Local 323 knew that it could appeal an adverse decision of the IUE to the International Convention. Additionally, upon denying Local 323's disaffiliation application, the IUE explicitly informed Local 323 that it could appeal that decision to the International Convention. *See* April 24, 2000 Letter from Edward Fire to Local 323, attached as Exhibit "M" to the Complaint. Because Local 323 knew of the appeal process to the International Convention, and that one-step appeals process is not particularly cumbersome, I find that the appeals process offered by the IUE was reasonable.

■■■ Local 323 argues that the appeals process was inherently unreasonable on grounds that there would have been a delay of over four months from the time its disaffiliation application was denied until the International Convention convened. Local 323 contends that under Section 101(a)(4) of the LMRDA, any appeal process that incorporates a delay of over four months is, as a matter of law, unreasonable. However, because this cause of action is brought under the LMRA as opposed to the LMRDA, the LMRDA's four-month provision does not control. The LMRA contains no-such four month provision, *Stevens v. Northwest Indiana District Council, United Bhd. of Carpenters,* 20 F.3d 720, 731 (7th Cir.1994). Courts that have examined this issue have found that delays of nearly two to over two years were unreasonable. *Local Union 1219 v. United Broth. of Carpenters and Joiners of America,* 493 F.2d 93 (1st Cir.1974) (delay in excess of three years unreasonable); *Perry v. International Longshoremen's Ass'n, AFL—CIO,* 638 F.Supp. 1441 (S.D.N.Y.1986) (delay of almost two years

unreasonable). In this case, the delay plaintiffs would have had to endure was almost five months. Given that this dispute is between a Local Union and its International, I find that the approximately five-month delay between the denial of Local 323's request and its opportunity to appeal is neither unreasonable nor prejudicial. Unlike a grievance brought by an individual, the application to disaffiliate brought under a recently enacted union-constitutional amendment presented novel issues, and required the appointment of a committee to study the application, and necessitated hearings and the taking of testimony. The decision-making process itself took over six months. Accordingly, a five-month delay in obtaining a final resolution to the issue was not unreasonable, and did not prejudice Local 323.

■■■ The appeal process provided by the IUE was not only reasonable, but was adequate as well in that the International Convention, under the IUE constitution, had the power and authority to review a decision of the IUE Executive Board, and grant plaintiff the relief it was seeking.

■■■ Finally, exhaustion of the plaintiffs' administrative remedies would not have unreasonably delayed Local 323's opportunity to obtain judicial review of its claims. Local 323 filed its Complaint on September 11, 2000. The International Convention, at which Local 323 could have appealed the IUE Executive Board Decision, was commenced *just 10 days later,* on September 21, 2000. Thus, exhaustion of intra-union remedies would not have unduly delayed Local 323's opportunity to obtain judicial review of its claims.

I find that the appeals process available to Local 323 was reasonable, adequate, would not have delayed plaintiffs' opportunity to seek judicial review, and that the judicial policy of non-interference with internal union matters (as in this case) out-

weighs the right of the union member to institute suit prior to exhausting his or her claims. I thus grant defendant's motion to dismiss count one of the plaintiffs' complaint with prejudice.

### B. *Plaintiffs' Remaining Claims*

Defendant contends that Counts Two and Three of the Complaint should be dismissed on grounds that plaintiffs failed to invoke or exhaust their intra-union remedies. Count Two of the Complaint alleges that the amendment to the IUE constitution constitutes a material change to the relationship between the IUE and Local 323, and thus Local 323 may rescind its relationship with the defendant. Count Three of the Complaint alleges that the procedure by which the amendment to the constitution was adopted was flawed, rendering the amendment invalid.

■ It is clear from the face of the Complaint that plaintiffs—who now claim that the amendment to the IUE constitution was improperly adopted—never invoked or exhausted internal union administrative procedures in an effort to have the amendment repealed, or to have a re-vote on the amendment. Because Local 323 never complained about the amendment to the IUE, and in fact proceeded in compliance with the amendment, the IUE was not provided the opportunity to resolve the issue internally, which is the resolution mechanism favored by the courts. *Johnson*, 641 F.2d at 1079; *Stevens*, 20 F.3d at 731–32. The IUE constitution, which was incorporated into the pleadings by reference in the Complaint, provides an appeals process that is reasonable and adequate to resolve plaintiffs' complaints. Because the appeals process provided by the IUE constitution was reasonable and adequate, I find that plaintiffs were required to exhaust their administrative remedies with respect to their complaints regarding the adoption of the amendment, and its effect on Local 323. Accordingly, I grant defendant's motion to dismiss Counts II and III of the Complaint with prejudice.

### CONCLUSION

For the reasons set forth above, I find that plaintiffs have failed to exhaust their administrative remedies and are, therefore, precluded from bringing their claims before this court, I decline to consider defendants remaining arguments claiming that plaintiffs are barred from proceeding on Counts II and III of the Complaint under the doctrine of laches; that plaintiffs have failed to substantively state a claim for breach of contract; that this court lacks subject matter jurisdiction over Count III; and that as a matter of law, plaintiffs are bound by the IUE constitution as amended.

ALL OF THE ABOVE IS SO ORDERED.